Jobbitt *v.* Goundry.

be a new trial, and as neither party has entirely succeeded, neither party should have costs of the appeal.

·     New trial granted.

[CAYUGA GENERAL TERM, June 7, 1859.   *T. R. Strong, Johnson* and *Smith,* Justices.]

---◆---

## A. & J. W. JOBBITT *vs.* GOUNDRY & HURD.

A clause in a bill of lading, which directs the carrier to collect the freight of the consignee of the goods, on delivery, does not oblige the carrier to withhold the delivery of the goods in case of the refusal of the consignee to pay the freight; and if the carrier delivers the goods to the consignee without requiring him to pay the freight, or if he fails or neglects to collect the freight from him, this will not discharge the liability of the consignor, to him, for it, nor constitute any defense to an action for such freight.

The taking of a check from the consignor, by the carrier, for the amount of the freight, and giving a receipt acknowledging the payment of the freight, will not amount to a satisfaction of the carrier's claim for freight, as against the consignor, where the drawer has no funds in the bank, to meet the check; unless it is fairly inferable, from the evidence, that the carrier agreed the check should be received as payment.

THIS action was tried at the Chemung circuit in September, 1858, when the following facts were established, viz. The plaintiffs ran a canal boat, in 1857, on the canals and lakes of this state, and were common carriers of merchandise. As such carriers, they transported, on their canal boat, some lumber, barley and apples for the defendants, from Dresden to Albany. When the plaintiffs received the property on board of their boat, they took a shipping bill, signed by the defendants, which stated that the plaintiffs had received $180 towards the freight; and that the captain of the boat was to deliver the property to E. Dorr, at Albany, and collect the balance of the freight. One of the plaintiffs gave the defendants a receipt for the property, which contained a statement similar to the one in the shipping bill.

The plaintiffs delivered the property on the 30th day of November, 1857, to E. Dorr, at Albany, who then claimed that he had no money with which he could pay the freight that was due the plaintiffs. He gave them his check, dated the 1st day of December, 1857, on the Union Bank of Albany, for $146.76, which was the balance of the freight due the plaintiffs ; but he had no funds in the Union Bank. At the time Dorr gave his check to the plaintiffs he took a receipt, signed by the one who transacted the business, showing that the freight was paid. The defendants had previously advanced the freight to Dorr; but the plaintiffs did not know that fact. The plaintiffs indorsed and transferred Dorr's check, on the day it bore date, but it was not paid ; and they were sued on it as indorsers, and then paid it and took it from the holder. They afterwards brought this action to recover the freight for which they had taken Dorr's check. It was defended principally on two grounds; 1st, that the plaintiffs should not have delivered the property to Dorr, unless he paid them the freight on it; 2d, that the defendants were not liable to pay the freight to the plaintiffs, because they had advanced the same to Dorr, and the plaintiffs had taken his check therefor. The plaintiffs produced Dorr's check at the trial; but the case does not show that they offered to cancel it, or tendered it to the defendants.

The defendants' counsel moved for a nonsuit; but the case does not show on what grounds, or that any were stated; which motion was denied; whereupon the jury, by direction of the judge, found a verdict in favor of the plaintiffs for $155.87, (which was the amount of the check and interest thereon,) subject to the opinion of the court at general term.

The plaintiffs moved for judgment upon the verdict.

*J. McGuire,* for the plaintiffs.

*B. W. Franklin,* for the defendants,

Jobbitt v. Goundry

*By the Court*, BALCOM, J. It was held, in *Shepard* v. *De Bernales*, (13 *East*, 565,) that the usual clause in a bill of lading, engaging the master of the ship to deliver the goods to the consignee or his assigns, *he or they paying freight for the goods*, is introduced for the benefit of the master only, and not for the benefit of the consignor; and that therefore the master is not bound to the consignor to withhold the delivery of the goods, unless the consignee or his assigns pay the freight. And it seems to be established that a clause in a bill of lading, which directs the carrier to collect the freight of the consignee of the goods, on delivery, does not, in case of the carrier's neglect to collect of him, discharge the consignor's liability to pay the same. (*Collins* v. *The Union Trans. Co.*, 10 *Watts*, 384. *Angell on Carriers*, § 397.) It follows that the delivery of the defendants' goods to Dorr, by the plaintiffs, without requiring him to pay the freight thereon, or the neglect or failure of the plaintiffs to collect such freight of him, does not affect the defendants' liability to them for it; and that such facts constitute no defense to this action.

The defendants' counsel insists that the taking of Dorr's check, by the plaintiffs, when the goods were delivered, under the circumstances disclosed by the evidence, was a satisfaction of the plaintiffs' claim for the freight, as against the defendants. The check did not operate as a satisfaction of the claim, unless the fair inference from the evidence is that the plaintiffs agreed that it should be received as payment of it. (*Noel* v. *Murray*, 3 *Kern.* 167. *Davis* v. *Allen*, 3 *Comst.* 168. *Vail* v. *Foster*, 4 *id.* 312.) And it seems to me to be very clear that the plaintiffs could not have supposed the check was to operate as payment of the freight, unless the Union Bank should pay it when presented. It is absurd to say that a creditor regards his demand as paid, when he receives a check for it from his debtor, on a bank. I think, in ordinary transactions, the creditor has not the least idea that his demand is paid, though he may receipt it as paid, upon receiving the check of the debtor or of a third person, on

a bank, for the same. He cannot be supposed to regard the check as payment, or as a satisfaction of his demand, when the drawer has no funds in the bank to meet it, and the bank refuses to honor it. And in this case, I am of opinion the evidence does not warrant the conclusion that the plaintiffs received Dorr's check, in satisfaction of their claim against the defendants for the freight, whether it should be paid by the bank or not; but that the fair inference from the evidence is that it was not agreed it should so operate unless the bank should pay it on presentation. (*See* 5 *Wend.* 490.)

The defendants' counsel now claims that the verdict was improperly ordered for the plaintiffs, for the reason that the plaintiffs did not cancel or surrender the check to the defendants at the trial. This position is sufficiently answered by the fact that no such objection was taken at the trial, where it could have been obviated.

I am of opinion, for the foregoing reasons, that the plaintiffs are entitled to judgment on the verdict, with costs.

Decision accordingly.

[OTSEGO GENERAL TERM, July 5, 1859. *Mason, Balcom* and *Campbell,* Justices.]