THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, *v.* WARREN ROSS LUMBER COMPANY, Respondent.

**Carriers — bill of lading — when consignee liable for freight charges — direction to deliver to third party " upon payment of freight charges "— carrier not bound at its peril to enforce payment of freight before delivery — may deliver and resort to consignee for payment.**

1. A consignee may become liable for freight charges by its own act. While no contractual relation arises between carrier and consignee by the mere designation of the latter as consignee, the latter becomes liable for the freight charges when an obligation arises on his part from presumptive ownership, acceptance of the goods and

the services rendered and the benefits conferred by the plaintiff for such charges.

2. Where the consignee of a carload of lumber directed the carrier to deliver the lumber upon its arrival to a third party " upon payment of freight charges " and the carrier made delivery as directed but did not collect the freight charges, a contention by the consignee, in an action brought against it by the carrier to recover its charges, that it was the duty of the plaintiff to collect the freight before delivery, pursuant to instructions and that delivery without such collection released defendant from any liability therefor, cannot be sustained. The bill of lading designated the defendant as consignee, which fact, in itself, is evidence of ownership, and in addition it accepted the goods by an act of ownership when it exercised dominion over them by giving directions for their delivery. The plaintiff was justified in treating it as owner and it thereby entered into the contract expressed in the bill of lading to pay the charges. The words " deliver  *  *  *  upon payment of freight charges " were for the benefit of the carrier, not for the benefit of the defendant. The carrier was not bound at its peril to enforce payment of freight before delivery and its right to resort to the defendant under the contract was not impaired by delivery of the freight under its direction. The language used in defendant's letter was not contractual. Its effect was merely to give plaintiff an option to demand payment from the person to whom it delivered the goods.

*N. Y. C. R. R. Co.* v. *Ross Lumber Co.,* 200 App. Div. 851, reversed.

(Argued October 19, 1922; decided November 21, 1922.)

APPEAL from a judgment, entered December 12, 1921, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term upon a submission of agreed facts and directing a dismissal of the complaint.

*Carlton A. Fisher* for appellant. The consignee named in a bill of lading is the *prima facie* and presumptive owner of the freight consigned to it. (4 Elliott on Railroads [3d ed.], 872; *Thompson* v. *Fargo,* 49 N. Y. 188; *Dayton* v. *Parke,* 67 Hun, 127; *Penn. R. R. Co.* v. *Titus,* 217 N. Y. 17.) The consignee is liable for the freight

charges on any shipment under a bill of lading. (*Merrick* v. *Gordon*, 20 N. Y. 97; *Pennsylvania R. R. Co.* v. *Titus*, 216 N. Y. 17; *Union Pacific R. R. Co.* v. *Am. S. & R. Co.*, 202 Fed. Rep. 720; *N. Y. C. & H. R. R. R. Co.* v. *York & Whitney*, 256 U. S. 406.) The respondent by its overt act, the direction of a change in delivery of this shipment, accepted the same, and upon its own initiative assumed and admitted its liability as consignee under the bill of lading. (*N. Y. C. & H. R. R. R. Co.* v. *York & Whitney*, 256 U. S. 406; *P., C., C. & St. L. R. R. Co.* v. *Fink*, 250 U. S. 577.) The consignee by contract could not relieve itself of its liability .to pay the freight charges. (*Portland F. M. Co.* v. *P. & A. S. S. Co.*, 145 Fed. Rep. 693; *Wooster* v. *Tarr*, 8 Allen [Mass.], 270; *Holt* v. *Westcott*, 43 Me. 445; *Christy* v. *Roy*, 1 Taunt. 300; *Shepard* v. *DeBernales*, 13 East, 565; *Domett* v. *Beckford*, 5 Barn. & Ad. 223; *Jobbitt* v. *Goundry*, 29 Barb. 509; *Collins* v. *Union Transfer Co.*, 10 Watts, 384.)

*John S. Leonard* for respondent. The respondent was not a party to the contract contained in the bill of lading, and cannot be bound by its terms. (*Gage* v. *Morse*, 12 Allen, 710; *Young* v. *Miller*, 5 E. & B. 775.) The consignee's liability for freight arises on an implied contract, separate and distinct from the contract of the bill of lading. (*Merrick* v. *Gordon*, 20 N. Y. 97; *Penn. R. R. Co.* v. *Titus*, 216 N. Y. 17; *Langworthy* v. *New York*, 2 E. D. Smith, 195; *U. P. R. R. Co.* v. *A. S. & R. Co.*, 202 Fed. Rep. 720.)

Pound, J. The action is brought to recover freight charges claimed to be due from the defendant. On or about May 16, 1912, the S. L. Eastman Company of Saginaw, Michigan, shipped a car of lumber consigned to defendant, Warren Ross Lumber Company of Jamestown, New York, destination Boston, Massachusetts. Before the arrival of the car at Boston, the Warren Ross Lumber Company wrote the following letter to •plaintiff:

" Dear Sir:

" Upon arrival of car A. G. S. 8919, consigned to ourselves, please deliver this immediately to Schieck-Johnson Company, of your city, upon payment of freight charges.

" If you are not the proper party to handle this matter, please hand it to the official in charge, and oblige,

" Very truly yours,
" WARREN ROSS LUMBER COMPANY."

In compliance with this letter, plaintiff delivered the car to the Schieck-Johnson Company, but it did not collect the freight charges. It now seeks to collect its bill for such charges from the defendant, the Schieck-Johnson Company having become bankrupt.

The standard bill of lading provides that the owner or consignee shall pay the freight. Defendant contends that it was the duty of the plaintiff to collect the freight from the Schieck-Johnson Company pursuant to instructions contained in the letter quoted above and that delivery without such collection released defendant from any liability therefor. Such contention we cannot sustain.

The consignor is ordinarily liable for freight charges. He requires the carrier to perform the service when he delivers the goods for transportation and thereby obligates himself to pay therefor. The usual stipulation in the bill of lading that the consignee shall pay the freight imposes no obligation on the carrier to insist on payment of freight before delivery to the consignee. It is not a part of the contract between consignor and carrier that the latter shall collect its bill of the consignee. The carrier may neglect to collect of the consignee and collect of the consignor. (*Wooster* v. *Tarr,* 8 Allen [Mass.], 270; *Jobbitt* v. *Goundry & Hurd,* 29 Barb. 509, 511; *Portland Flouring Mills Co.* v. *British & Foreign Marine Ins. Co.,* 130 Fed. Rep. 860; *Coal & Coke Ry. Co.* v. *Buckhannon R. C. & C. Co.,* 77 W. Va. 309; *A., T. & S. F. Ry. Co.* v. *Stannard & Co.,* 99 Kans. 720; *C. & N. W. Ry. Co.* v. *Queenan,* 102 Neb. 391.)

But the consignee may also become liable for such charges by its own act. While no contractual relation arises between carrier and consignee by the mere designation of the latter as consignee, the consignee becomes liable for the freight charges when an obligation arises on his part from presumptive ownership, acceptance of the goods and the services rendered and the benefits conferred by the plaintiff for such charges.

As to plaintiff, defendant stood in the relation of owner of the carload of lumber. The bill of lading designated it as consignee. That fact is in itself evidence of ownership. It does not appear from the agreed facts that plaintiff had knowledge or notice that defendant was not the owner, or that defendant was not in fact such owner. The Schieck-Johnson Company might, for all that appears, have been the agent of defendant whose duty it was to take delivery on its behalf. As defendant was the presumptive owner, if it accepted the freight in the capacity of owner, the law implied a promise on its part to pay the charges (*Pittsburgh, C., C. & St. L. Ry. Co. v. Fink,* 250 U. S. 577) although the bill of lading did not come into its possession and it had no knowledge of its terms. (*N. Y. C. & H. R. R. R. Co. v. York & Whitney Co.,* 256 U. S. 406.) When it wrote the letter directing the delivery without notifying the plaintiff that it was not the owner of the goods, it acted either as consignee or volunteer. We may not assume that its letter was the act of a meddler. We must, therefore, presume that it wrote as consignee. It follows that it accepted the goods by an act of ownership when it exercised dominion over them by giving directions for their delivery and the plaintiff was justified in treating it as owner of the goods. (*Penn. R. R. Co. v. Titus,* 216 N. Y. 17.) It thereby entered into the contract expressed in the bill of lading to pay the charges and became liable to pay such charges unless the words " deliver  *  *  *  *upon payment of freight charges* " discharged its liability when the carrier

neglected to collect on delivery to the Schieck-Johnson Company.

The liability of the consignee under these conditions is analogous to the liability of the consignor under the terms of the bill of lading that the consignee shall pay the freight. Such a direction does not exonerate the consignor from liability. The directions given by defendant neither modified the implied contract between carrier and consignee whereby the consignee assumed liability for freight charges, nor amounted to an offer to accept the goods only on condition that freight charges should be collected of the Schieck-Johnson Company. Doubtless plaintiff might have refused to deliver to the Schieck-Johnson Company and retained the goods until its lien was satisfied by the payment of the freight. Doubtless defendant by its instructions recognized such right when it qualified its directions as to delivery. But the directions were for the benefit of the carrier, not for the benefit of the defendant. The carrier was not bound at its peril to enforce payment of freight from the Schieck-Johnson Company and its right to resort to the defendant under the contract was not impaired by delivery of the freight under its direction. The language used in defendant's letter was not contractual. Its effect was merely to give plaintiff an option to demand payment from the person to whom it delivered the goods.

It is unnecessary to consider what would be the rights of the parties if the plaintiff had been chargeable with notice, before the delivery of the goods by it, that defendant was not the owner of the goods.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Hogan, Cardozo, McLaughlin, Crane and Andrews, JJ., concur.

Judgment reversed, etc.