NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* BERNETH SATULOFF and Another, Defendants.

Supreme Court, Erie Special Term, December, 1923.

Carriers — bills of lading — direction to carrier to deliver merchandise to third party on payment of freight charges — merchandise perishable and sold at auction by carrier — when consignee liable for unpaid balance of freight charges.

Upon the arrival at Buffalo of a carload of merchandise transported by plaintiff and its connecting carriers from the state of Alabama, the consignees after unloading from the car about one-half of the merchandise reshipped the balance to a party in Rochester who refused to accept the same. The consignees then ordered the plaintiff to deliver the merchandise to another party upon payment of freight charges. The merchandise being perishable was sold at auction and the proceeds applied upon the freight charges which had not been paid. In an action to recover the unpaid balance of freight charges, *held*, that defendants' direction to collect the freight charges did not relieve them from their liability therefor, and a judgment dismissing the complaint will be reversed, with costs, and judgment directed in favor of plaintiff as demanded by the complaint.

APPEAL by plaintiff from judgment dismissing complaint.

*Locke, Babcock, Spratt & Hollister,* for plaintiff.

*Falk, Phillips & Schlenker,* for defendants.

BROWN, J.  In June, 1916, the defendants, as consignees, received from plaintiff at Buffalo a carload of cucumbers that had been transported by plaintiff and its connecting carriers from Alabama. The defendants unloaded from the car about half of the merchandise and reshipped such car containing the balance of the shipment, on June 28, 1916, to one Punia at Rochester. Punia refused to accept such car at Rochester, whereupon the defendants ordered plaintiff to deliver the merchandise to Cohen & Blum, upon payment of freight charges. At that time the lawful freight charges for transportation of such car from Alabama to Buffalo and from Buffalo to Rochester were $124.36. Cohen & Blum began the unloading of the car about eight A. M., on Saturday, July 31, 1916, when plaintiff's representative at the freight yard, not knowing of defendants' order to deliver to Cohen & Blum, the freight charges not having been paid, stopped further delivery to Cohen & Blum. About eleven A. M. of that day, such representative being apprised of defendants' order to deliver to Cohen & Blum, tendered them delivery. They refused to accept. The freight charges not having been paid, the cucumbers being perishable, the plaintiff sold the same on Monday, August 1, 1916, at auction by

a broker to Cohen & Blum for $9.50; applied the proceeds of such sale upon the freight charges, leaving $114.86 unpaid thereon. March 10, 1921, this action was commenced to recover such balance. The only defense claimed upon the trial was that delivery of the shipment by the plaintiff to Cohen & Blum without first securing the freight charges relieved the defendants from all liability therefor. Such claim prevailed as a defense in the City Court, resulting in a dismissal of plaintiff's complaint.

The defendants were consignees of the merchandise upon its receipt at Buffalo; they were consignors when they shipped it from Buffalo to Rochester; they took possession as owners at Buffalo and Rochester. They were as owners, consignees and consignors liable to the plaintiff for the freight charges. Their direction to the plaintiff to collect the freight charges from Cohen & Blum did not relieve the defendants from their liability to pay such charges. Such direction was extending to the plaintiff the privilege of collecting from Cohen & Blum. The failure of the plaintiff to make such collection did not relieve defendants from their liability. *N. Y. C. R. R. Co.* v. *Ross Lumber Co.*, 234 N. Y. 261.

The plaintiff, upon the proofs, was entitled to a judgment for $114.86, and interest from July 15, 1916; there being no defense set forth in the defendants' answer, the judgment appealed from is reversed, with costs, and judgment awarded the plaintiff for the relief demanded in the complaint.

Judgment accordingly.