THE NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* ALBERT HENDEL, Defendant.

City Court of Buffalo, October 30, 1924.

Carriers — action against assignee of consignee of freight shipment to recover demurrage charges — party receiving shipment, whether consignee or assignee, liable for demurrage charges — defendant became liable for charges upon acceptance of goods.

A party receiving merchandise, whether consignee, or the person to whom the bill of lading has been transferred by the consignee, is liable for the payment of freight charges.

Accordingly, the defendant is liable, in an action to recover demurrage charges upon two cars of freight, for the full amount of such charges, where it appears that the merchandise was shipped to defendant's assignor, as consignee, and that the defendant subsequently purchased and accepted the goods, receiving the original bills of lading for the shipment, though the assignment was made some time after the cars were placed for unloading and notice of arrival given to defendant's assignor.

ACTION against assignee of consignee to recover demurrage charges.

*Rann, Vaughan, Brown & Sturtevant* (*Mark N. Turner*, of counsel), for the plaintiff.

*Benjamin D. Reisman*, for the defendant.

Hager, J.   The plaintiff seeks to recover the sum of fifty-six dollars and sixty-five cents for demurrage charges on two cars of potatoes, consigned to one William J. Thomas, and subsequently purchased by this defendant. The facts were stipulated by the parties, and there is no dispute as to the amount involved.

On November 13, 1917, the two cars were placed for unloading on the tracks of the plaintiff, and notice of their arrival and placement was given to William J. Thomas. On November twenty-fourth defendant purchased a car, Soo Line 27456, and received therefor the original bill of lading covering the car. On the same day the defendant surrendered the bill of lading and received the contents of the car. At that time there had accrued demurrage charges and war tax in the sum of twenty-five dollars and seventy-five cents.

On November twenty-sixth the defendant purchased the other car, Soo Line 104181, and received the original bill of lading covering such car, and the next day he surrendered to the plaintiff the original bill of lading, and accepted the contents of that car.

There can be no question as to the regularity of the charges for demurrage, as the plaintiff had filed with the interstate commerce commission and the public service commission of the state of New York its car service and demurrage rules and regulations.

The defendant's contention is that he, being the assignee of Thomas for these cars, cannot be held liable for the demurrage charges, with the exception of one day, to wit, November twenty-seventh, on the second car above referred to, which would amount to five dollars.

In the case of *Merian v. Funck*, 4 Den. 110, 114, it was held that the party receiving the merchandise, " whether the consignee or an endorsee, to whom the bill of lading has been transferred by the consignee, makes himself responsible for the payment of the freight," and again in the case of *New York Central R. R. Co. v. Ross Lumber Co.*, 234 N. Y. 261, it was held: " while no contractual relation arises between carrier and consignee by the mere designation of the latter as consignee, the latter becomes liable for the freight charges when an obligation arises on his part from presumptive ownership, acceptance of the goods and the services rendered and the benefits conferred by the plaintiff for such charges."

In the case under consideration the defendant's acceptance of the goods and the services rendered, by ownership, makes him

liable.  The Interstate Commerce Act expressly states that the freight rates of railroads are immutable by agreement, mistake or artifice of the parties, and are not to be deviated from.

If the defendant's contention should prevail, it would open the door to all sorts of schemes on the part of consignees to avoid proper payment of freight rates and demurrage charges.

Judgment in favor of the plaintiff and against the defendant in the sum of fifty-six dollars and sixty-five cents, with interest, from November 24, 1917, and costs.