ERIE RAILROAD COMPANY, Plaintiff, *v.* H. ROSENSTEIN, INC., Defendant.

First Department, February 3, 1928.

Carriers — carriers of freight — action to recover undercharge — defendant, indorsee of straight bill of lading, without beneficial interest, who accepted goods and paid freight, is liable.

The plaintiff seeks to recover the difference between the regular freight tariff it should have charged and the amount received by it from the defendant. The defendant by direction of the consignor accepted the goods which were consigned by the consignor to himself as consignee, under a straight bill of lading, and paid the freight exacted, but he had no beneficial interest in the goods.

Notwithstanding the lack of beneficial interest in the goods the defendant is liable for the difference between the amount collected and the tariff rate.

The obligation to pay the undercharge is placed on the consignor by contract and equally on any deliveree who is an apparent owner, who fails to disclose his lack of beneficial ownership, and who by his voluntary act assumes possession of the goods and thus destroys the carrier's lien.

O'MALLEY, J., dissents, with memorandum.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Theodore Kiendl* of counsel [*George M. Skinner* and *A. Sylvester Edmonds* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the plaintiff.

*Isaac N. Jacobson* of counsel [*May & Jacobson,* attorneys], for the defendant.

*Harold L. Allen* of counsel [*C. V. Boetticher, Jr.,* with him on the brief; *O'Brien, Boardman, Fox, Memhard & Early,* attorneys], for The Pennsylvania Railroad Company, *amicus curiæ.*

PROSKAUER, J.   The defendant accepted from the plaintiff by direction of the consignor merchandise shipped under a straight bill of lading, naming the consignor as consignee.   The defendant was a commission merchant, having no beneficial ownership in the merchandise consigned, but this fact was unknown to the carrier.   Upon the delivery of the merchandise the defendant paid the charges exacted by the carrier, but through an error in computation the sum thus paid was smaller than the amount of freight which the plaintiff was required to charge under the tariffs filed pursuant to the Interstate Commerce Act.   The plaintiff here seeks to recover the amount of this undercharge.   The claim is resisted upon the ground that the defendant is not liable because it is neither the owner nor the consignor nor the consignee named in the bill of lading.

It has been held that the carrier may at its option collect the undercharge from the consignor or from the consignee.   (*New York Cent. R. R. Co.* v. *Ross Lumber Co.,* 234 N. Y. 261; *New York Cent. R. R. Co.* v. *Federal Sugar Refining Co.,* 235 id. 182.)   In the latter case, referring to an attempted distinction between a straight bill of lading and an order bill of lading, CRANE, J., writes: " The difference between the two bills of lading lies in the duty which rests upon the railroad.   *   *   *   The rule as to freight charges, however, remains the same in both cases."

In *Dare* v. *New York Cent. R. R. Co.* (20 F. [2d] 379) the defendants Dare were bankers who had advanced money on a shipment of merchandise; delivery had been made to them; in holding them liable for an undercharge of freight, SWAN, J., writes: " It is contended that the cases above mentioned are distinguishable, because

in the case at bar the defendants were not consignees nor owners, but only pledgees for security.  We think this difference immaterial. So far as plaintiff knew, the defendants were owners of the shipments. They held order bills of lading duly endorsed by the consignees named therein."

That Dare held an indorsed bill of lading is a factual difference between that case and the one at bar which does not create a legal distinction.  The purpose of the law is to insure compliance with the obligation which rests upon the carrier to exact the full tariff freight charge — no more and no less.  It is a matter of grave public concern that there should be no loophole by which the tariff charges may be abated.  We adopt with approval the view of CROSBY, J., in *New York Cent. R. R. Co.* v. *Sharp* (124 Misc. 265) in extending for this reason the right of the railroad to recover an undercharge of freight to " any other person who, for any reason, undertakes to pay the freight charges (by paying the part demanded) and thereby induces the carrier to deliver the goods and release the lien (depending upon possession) which the carrier has for freight charges."  The obligation to pay the undercharge is placed upon the consignor by contract.  It is equally placed upon any deliveree who is an apparent owner who fails to disclose his lack of beneficial ownership and who by his voluntary act assumes possession of the shipment and thus destroys the carrier's lien.

For these reasons judgment should be ordered for the plaintiff.

DOWLING, P. J., MERRELL and MARTIN, JJ., concur; O'MALLEY, J., dissents.

O'MALLEY, J. (dissenting).  I dissent.  The award of judgment to the plaintiff requires disregard of the well-established principle of the law of agency, that an agent for a disclosed principal may not be held for the latter's obligation.  The reasons for holding liable any person to whom delivery is made and who undertakes to pay freight charges, so well emphasized in the opinion of CROSBY, J., in *New York Cent. R. R. Co.* v. *Sharp* (124 Misc. 265), lose much of their force when it is considered that Congress has now enacted that even a consignee to whom delivery is made may not be held liable if he discloses the name of the beneficial owner and gives notice that his receipt of the goods is solely as agent.  (See Interstate Commerce Act [24 U. S. Stat. at Large, 380], § 3, subd. 2, added by Transportation Act of 1920 [41 id. 479], § 405 [now U. S. Code, tit. 49, § 3, subd. 2], as amd. by 44 U. S. Stat. at Large, 1447, chap. 510, § 1, approved March 4, 1927.)

Judgment directed for plaintiff.  Settle order on notice.