NEW YORK CENTRAL RAILROAD COMPANY, A CORPORA-
TION, PLAINTIFF, v. ERSELIO STANZIALE, DEFEND-
ANT.

For the plaintiff, *Wall, Haight, Carey & Hartpence.*

For the defendant, *J. Victor D'Aloia.*

SMITH, J. This case was referred to the Circuit for trial
and has been submitted on an agreed statement of facts.

The suit is brought to recover freight and other attending
charges for a shipment made by one Conforti and consigned
to the defendant. After shipment was made and before de-
livery the defendant sold the goods while in transit to one
Corrado, to whom the bill of lading was delivered, and the
sale was made subject to all freight charges. The plaintiff
knew of this sale and delivered the goods to Corrado without
collecting the freight.

Primarily the consignor is liable for the payment of freight
charges. *Pennsylvania Railroad Co. v. Townsend,* 90 *N. J. L.*
75. This liability continues regardless of the fact that the
goods may have been sold by the consignor or that the railroad
fails to collect the freight charges from the consignee. The

railroad, of course, has the right to insist upon the payment of freight before delivery. The bill of lading contains a further provision with regard to who is liable for the freight. This is section 7 of the contract terms and conditions contained on the back of the bill of lading. The important parts of the provision are as follows:

"Section 7. The owner or consignee shall pay the freight and average, if any, and all other lawful charges accruing on said property; but, except in those instances where it may lawfully be authorized to do so, no carrier by railroad shall deliver or relinquish possession at destination of the property covered by this bill of lading until all tariff rates and charges thereon have been paid."

The mere fact that the person is named a consignee or is the owner of the goods does not render him liable for the payment of freight. *Pennsylvania Railroad Co.* v. *Townsend, supra.* To hold the owner or consignee he must acquiesce or agree to the bill of lading by some express or implied agreement, and the exercise of dominion over the goods is sufficient to render him bound by the bill of lading.

The defendant became owner of the shipment and was the named consignee. He did not take delivery of the goods but sold the goods subject to the payment of freight. He, of course, became bound by the terms of the bill of lading in doing this, but his liability does not extend beyond the terms of the provision of the bill of lading under which he is held liable.

The plaintiff knew of the sale and delivered the goods to the purchaser without collecting the freight. Section 7 of the terms of the bill of lading provides that the owner or consignee shall pay the freight, but it has the further provision in the same sentence that the railroad shall not deliver or relinquish possession at the destination of the property covered by the bill of lading until all tariff rates and charges thereon have been paid. The named consignee and owner, in disposing of the property and notifying the railroad of the sale, may rely upon this provision as protecting him against liability for the payment of the freight.

The case of *New York Central Railroad Co.* v. *Rose Lumber Co.,* 234 *N. Y.* 261, which has been relied upon as rendering the named consignee liable where the property was delivered to a third person, is not an authority covering this case. In that case the delivery to the third person was upon order of the consignee, and it might well be that the railroad might assume that the person to whom delivery was made was merely the agent of the consignee. The court, in its opinion states, in referring to the notice which the defendant gave to the railroad company advising them as to the delivery to the third person, that the language in the letter was not contractual, and says: "It is unnecessary to consider what would be the rights of the parties if the plaintiff had been chargeable with notice before the delivery of the goods by it, that the defendant was not the owner of the goods."

I therefore find that the defendant, on notifying the railroad company that the goods had been sold subject to the payment of freight, was released from liability for the payment of freight under section 7 of the terms of the bill of lading, it being the duty of the plaintiff to collect the freight from the new owner on delivery to him, or from the consignor.