## S. A. GERRARD Co v NY, NH & H RR CO

Ohio Appeals, 1st Dist, Hamilton Co
No 3684. Decided July 7, 1930

Hightower, O'Brien & Porter, Cincinnati, for S. A. Gerrard Co.

Maxwell & Ramsey, Cincinnati, for Railroad Co.

HAMILTON, J.

It is contended by counsel for plaintiff in error, the Gerrard Company, that the Company is not liable for freight and demurrage charges, for the reason that there was never any tender or delivery of the shipment to it, nor was there at any time acceptance of the shipment in question, other than to request the Railroad Company to forward the shipment to another destination.

The plaintiff in error relies largely on the case of Wallingford Bros. v. Bush, Receiver, 255 Fed. 949. That case, however, is not controlling here, for the reason that in that case the second consignee accepted delivery of the shipment which would relieve the first consignee of liability for the freight charges on a through shipment. It is true this court held in the case of C. C. C. & St. L. Ry. Co. v. Degaro Co., No. 3633, decided April 14, 1930, that a shipment from Washington diverted by Denney & Company to themselves at Cincinnati, was one continuous shipment, and that the reconsignment order by Denney & Company did not constitute constructive delivery of the shipment to Denney & Company at Laramie, Wyoming, and held that by reason of the continuous shipment the original shipper could and did exercise its right of stoppage in transitu when the goods arrived at Cincinnati, and before delivery to the new consignee. That decision, however, was based upon the fact that there was one continuous shipment, and that the right of stoppage in transitu was by reason thereof.

In the case under consideration the Gerrard Company gave orders to the Railroad Company to divert the shipment consigned to it at Philadelphia and in doing so

ist be held to have impliedly assumed
bility for the payment of the freight at
east from the point of diversion to the
new destination, in the event the consignee
in the diversion order refused to·accept
the goods. This is necessary for the carry-
ing on of the industry of the country. Any
other holding would destroy the right to
give diverson orders. To hold the original
consignor or shipper under such circum-
stances for the payment of freight and
demurrage charges, which the carrier might
do, would be to subject him to the whim
or will of his original consignee to divert
shipments all over the country, incurring
freight and demurrage charges leading to
a ruinous financial situation growing out
of an ordinary consignment by the original
shipper. The reason for the rule is suffi-
cient.

We are not holding that there was actual
or constructive delivery to the Gerrard
Company, but we are deciding that in the
conduct of shipping interests and busi-
ness, when the Gerrard Company, as it had
a right to do, gave diversion orders to a
new destination, which was accepted by the
Railroad Company, it thereupon impliedly
bound itself to pay the freight from the di-
version point to the new destination.

There was sufficient control exercised
by the Gerrard Company over the ship-
ment by issuing diversion orders to make it
liable to the Railroad Company for the
freight and demurrage charges. See: **Pa.
Rd. Co. v. Rice Coal Co., 113 Oh St., 34; N.
Y. Central Rd. Co. v. Ross Lumber Co., 234
N. Y. 261.**

The judgment of the court of common
pleas is affirmed.

Cushing, PJ, and Ross, J, concur.