ERIE RAILROAD COMPANY, Plaintiff, *v.* FRANCIS H. McDONALD, Defendant.

County Court, Niagara County, April 7, 1931.

*Moot, Sprague, Brownell & Marcy* [*Edward B. Horning* of counsel], for the plaintiff.

*Dudley, Gray & Phelps* [*Alpheus R. Phelps* of counsel], for the defendant.

GOLD, J. The above-entitled action was commenced for the recovery of the sum of $114.60, with interest, the amount claimed to be due the plaintiff from the defendant as freight charges on three carloads of coal shipped from Merrimac Mines, Va., to the city of Niagara Falls, N. Y.

In the early part of 1923, car N. & W. ·83492, which is hereinafter referred to as car A, containing 99,000 pounds of anthracite pea coal, was shipped from Merrimac Mines, Va., to "John Brendel in care of McDonald's Switch," where said car was subsequently delivered. The freight charge upon this car was paid by John Brendel.

Car N. & W. 80959, hereinafter referred to as car B, containing

98,300 pounds of anthracite pea coal, was shipped during the early part of 1923 from Merrimac Mines, Va., consigned to " John Brendel care of McDonald's Switch," where it was subsequently delivered. The freight charge on this car was paid by Joseph A. McDonald, an employee of the defendant.

Car N. & W. 74996, hereinafter referred to as car C, containing 85,520 pounds of anthracite pea coal, was shipped from Merrimac Mines, Va., in the early part of 1923 consigned to defendant, Francis H. McDonald, and said car was subsequently delivered to Francis H. McDonald's private switch in the city of Niagara Falls, N. Y. The freight charge on this car was paid by Joseph A. McDonald, an employee of the defendant.

The total freight charges paid on the three cars aggregated $483.56. The plaintiff claims that, applying the correct tariff rate, it earned on the shipments the sum of $598.16, and brings this action to recover the difference between the charges paid and the alleged correct charges.

All of the coal was unloaded at the coal yards of the defendant.

With reference to the payment of the freight, there is no dispute but that John Brendel paid the same on car A. There is no dispute as to the fact that Joseph A. McDonald paid the freight charges on cars B and C.

" Liability for freight charges of the following persons has been established: (1) A consignor (of course); (2) a consignee, regardless of whether or not he is actual owner, and regardless of whether or not his character as agent is disclosed by the bill of lading or is communicated to the carrier, provided he accepts the shipment; (3) any other person who, for any reason, undertakes to pay the freight charges (by paying the part demanded) and thereby induces the carrier to deliver the goods and release the lien (depending upon possession) which the carrier has for freight charges; (4) an owner." (New York Central Railroad Co. v. Sharp, 124 Misc. 265, 268.)

As far as car A is concerned, the defendant is out of the picture, except for the fact that it was consigned to John Brendel, care of McDonald's switch. At the time of payment of freight, for all intents and purposes, John Brendel was the owner of the car of coal, and he paid the freight thereon. Thereafter the sale of the coal to the defendant by Brendel did not make the defendant liable for any subsequent freight charges to be paid, because of an error on the part of the railroad company in its original charge. It was shipped to Brendel, he assumed ownership, he paid the freight charges, and the railroad company accepted the freight charges from him.

With reference to car B, the cashier of plaintiff claims that the defendant, through his agent, paid the freight bill, but stated that he was paying the same for John Brendel. However, she qualified her statement by stating that he told her that he was settling with Brendel right then and there; that he had purchased the coal from John Brendel. Defendant claims that Joseph A. McDonald paid the freight bill and told the cashier of plaintiff that he was paying it for Brendel.

With reference to the claim of defendant that Joseph McDonald paid the freight for Brendel, I do not think the evidence bears out that contention. With whose money were the freight charges paid? Defendant testifies in one place: " I was to pay all charges and I wasn't to own the cars until after I paid the freight." Again he testified as follows: " I wasn't to own the cars until I found out what the freight was and what the charges were. John asked me if I would take those cars and I said I would take them, provided they didn't cost more than that." Again defendant was asked: " It was your coal when you put it on the track?" And he answered: " No sir, it wasn't until I found out from the Erie Railroad what I owed them and that I seen what the difference was." And again he was asked: " After you received the three freight bills  *  *  *  you say you didn't go up to the freight office at all, as far as you remember?" And he answered: " No, as far as I can remember I told my brother to go."

With this evidence in mind, can it be said that Joseph A. McDonald was the agent for Brendel? I cannot so find. Joseph A. McDonald was the agent of the defendant in the payment of the freight charges. Defendant sent him there with the money, and he was acting for him.

Upon the payment of the freight charges, there is no question but that the defendant assumed ownership of the coal.

" But the consignee may also become liable for such charges by its own act. While no contractual relation arises between carrier and consignee by the mere designation of the latter as consignee, the consignee becomes liable for the freight charges when an obligation arises on his part from presumptive ownership, acceptance of the goods, and the services rendered and the benefits conferred by the plaintiff for such charges." (*New York Cent. R. R. Co.* v. *Ross Lumber Co.*, 234 N. Y. 261, 265.)

With reference to car C, the defendant was the consignee, the freight charge was paid with money belonging to the defendant by Joseph A. McDonald. The name John Brendel does not appear in the papers, and the only time his name was used was at the time the freight was paid by Joseph A. McDonald, who stated

verbally that he was paying the same as agent for Brendel. For reasons above set forth I find that Joseph A. McDonald was the agent of defendant rather than Brendel.

Plaintiff is not entitled to recover the difference in freight on car A, but is entitled to recover the difference in freight on cars B and C, with interest.

Let judgment be entered accordingly.