EAZOR EXPRESS, INC., Appellant, *v.* NATHAN PERLMUTTER, Doing Business as PERLMUTTER BUILDING SUPPLY, Respondent, et al., Defendant.

PITTSBURGH & NEW ENGLAND TRUCKING CO., Appellant, *v.* NATHAN PERLMUTTER, Respondent, et al., Defendant.

Third Department, October 28, 1964.

*Samuel Friedman* for appellants.

*Morris Turetzky* for respondent.

HERLIHY, J. The facts are uncontroverted. The defendant-respondent on two occasions ordered steel from Jones & Laughlin Steel Company in the State of Pennsylvania and directed that it be shipped to designated job locations. He further directed that the steel be shipped " collect for freight " and the bill of lading, in each instance, was so marked. For some unexplained reason — not an issue on this appeal — the carrier failed to carry out the instructions.

The plaintiffs instituted these actions to collect the freight charges, alleging that the defendant-respondent Perlmutter was the owner of the steel and, therefore, liable when the freight charges were not collected.

The defendant-respondent contends that while he was the original owner of the steel, upon payment to Jones & Laughlin, he thereafter exercised no act of ownership that would hold him liable for the freight charges.

It is well settled that a carrier is not bound at its peril to enforce payment of freight charges before delivery. (*New York Cent. R. R. Co.* v. *Warren Ross Lbr. Co.*, 234 N. Y. 261, 264; *Erie R. R. Co.* v. *H. Rosenstein, Inc.*, 249 N. Y. 241.)

In our opinion, the contention of the defendant-respondent Perlmutter is contrary to established policy. At the time the plaintiffs accepted the goods for delivery, the Steel Company had been paid and was acting as shipper at the direction of Perlmutter. The transactions it had with the plaintiffs for the delivery of the steel to the job locations were for the benefit of the defendant-respondent Perlmutter. The pragmatic facts are such that to permit the respondent's theory of liability to prevail would defeat the ends of justice.

The contention of the defendant-respondent that Jones & Laughlin Steel Company is responsible is a tenuous argument and without merit.

The orders should be reversed, on the law and the facts, and the motions of the plaintiffs for summary judgment granted against Nathan Perlmutter.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Orders reversed, on the law and the facts, and plaintiffs-appellants' motions for summary judgment granted, with costs in each action.