Stanley L. Sklar, J.
Plaintiff sues to recover $7,920, representing the amount of demurrage charges incurred in connection with the transportation of certain goods.
The testimony at the trial established that Jones & Laughlin Steel Corporation ("J. & L”) shipped certain goods to Philadelphia. J. & L, as shipper, or consignor, issued waybills respecting those shipments. The waybills originally listed Cornell and Underhill, Inc., as the consignee. The waybills were "corrected” so that the consignee was listed as "United Aero Marine Service a/c Cornell and Underhill, Inc.” Demur-rage charges were incurred in connection with the shipments.
Plaintiff argues that, pursuant to subdivision (7) of section 6 of the Interstate Commerce Act (US Code, tit 49, § 6, par [7]), it has an absolute obligation to strictly observe its published rates.
It then argues that it is absolutely entitled, pursuant to subdivision (2) of section 3 of title 49 of the United States Code to collect its demurrage charges from the listed consignee, defendant United. Subdivision (2) of section 3 of the Interstate Commerce Act provides that when a railroad is instructed to deliver property to a consignee other than the shipper or consignor, "such consignee shall not be legally liable for transportation charges in respect of the transportation of such property * * * which may be found to be due *840 after the property has been delivered to him, if the consignee (a) is an agent only and has no beneficial title in the property, and (b) prior to delivery of the property has notified the delivering carrier in writing of the fact of such agency and absence of beneficial title”.
The plaintiffs claim pursuant to subdivision (2) of section 3 must fail for two reasons.
First, the proof adduced by plaintiff was insufficient to establish either delivery to United, or the usual equivalent of delivery, namely, delivery to a third party upon instructions of United or its agent. (See New York Cent. R. R. Co. v Ross Lbr. Co., 234 NY 261; also, see, contra, Union Pacific R. R. Co. v Hall Lbr. Sales, 419 F2d 1009, cert den 399 US 905.) Even if the insufficient proof could be totally accepted and credited, plaintiff would, at most, have proven notification of arrival to Lavino Shipping Co. (an entity which, arguably, may have been an agent of United). However, plaintiff would still not have established actual delivery to United or to a third party upon instructions of United or its agent.
Second, even assuming, arguendo, that United had accepted delivery, it is clear that the two conditions set forth in subdivision (2) of section 3, quoted above, for exemption from liability for transportation charges have been met.
As to the condition stated in clause (a), it is not seriously disputed that United was only an agent and had no beneficial title in the property transported.
Rather, the plaintiff relied upon the claimed absence of the condition stated in clause (b), namely, the prior notification to the carrier in writing of the fact of such agency and of the absence of beneficial title in the consignee. The argument must be rejected. The manifest purpose of the statute is not only to require prior notice to the carrier but also to avoid after the fact claims by a consignee that he had orally advised the carrier that he was only an agent and lacked beneficial title. In the instant case, the very documents, the waybills, that stated that United was the consignee also stated that it was the consignee only for the account of another — Cornell and Underhill, Inc. That statement tells' all but those unwilling to receive the message that United is only an agent, has no beneficial title, and that the carrier may not look to it for the payment of any charges. The carrier cannot blind itself to those writings and insist that the writings of agency and disclaimer of title must come from the consignee.
*841 The court assumes, without deciding, that another writing in the carrier’s possession (e.g., an internal memorandum written by one of the carrier’s employees who has special knowledge of the parties and of the transaction) might not be sufficient to comply with the written notice requirement of section 3 (subd [2], cl [b]). However, the very waybills that govern the transportation are sufficient to fulfill that written notice requirement.
The Union Pacific case (supra) demonstrates that full and literal compliance with the prior written notice requirement of section 3 (subd [2], cl [b]) is not always necessary in order for the consignee to avoid liability for freight charges. In Union Pacific R. R. (supra, pp 1010-1011), the court held that a novation occurred when a consignee directed the carrier to deliver to another and collect freight charges from the other and the railroad, by giving effect to the reconsignment, "agreed to accept the liability of the new consignee (if it accept the shipment) in place of the liability which the original consignee would sustain if it accepted the shipment.”
The Ross case (supra) although contra Union Pacific, does not exclude the possibility that a consignee may not be liable for transportation charges without full and literal compliance with section 3 (subd [2], cl [b]). Rather, Ross (p 265), speaks of the consignee’s presumptive ownership of the goods, "acceptance of the goods and the services rendered and the benefits conferred by the plaintiff for such charges.” In the instant case, the presumption of ownership, etc., is thoroughly rebutted by the statement on the waybills that United is the consignee for the account of another.
The court finds that plaintiff has not established delivery and acceptance of the goods by United or such other direction with respect to the goods by United or its agent as is necessary to give rise to the presumption of ownership referred to in Ross and which would, in turn, give rise to an obligation to pay the transportation charges. Rather, the court finds that the waybills establish United’s agency and its lack of beneficial ownership.
The complaint is dismissed.