THE PENNSYLVANIA RAILROAD COMPANY, Plaintiff, *v.* EARL J. BELLINGER, Defendant.

(Supreme Court, Erie Special Term, August, 1917.)

Counterclaim — pleading — carriers — damages — Interstate Commerce Act.

> In an action against a shipper to recover freight charges on an interstate shipment, the defendant may counterclaim for damages to the goods growing out of the shipment though under the Interstate Commerce Act freight charges can not be paid except in currency.*

---

* See *Wells, Fargo & Co.* v. *Cuneo,* 241 Fed. Repr. 727.— [REPR.

DEMURRER to the several counterclaims set forth in the answer.

Harold J. Adams, for plaintiff.

L. L. Ottoway, for defendant.

SEARS, J.   The plaintiff in this case brings this action to recover freight charges and the defendant has alleged in four separate counterclaims that the freight in question was damaged during transportation through the fault of the plaintiff.   To these several counterclaims the plaintiff has demurred on several grounds, viz.: (1) That each counterclaim contains new matter and is insufficient in law upon the face thereof for the reason that a claim for loss, damage or injury growing out of a shipment of freight does not constitute a lawful offset against a claim of an interstate carrier for unpaid freight charges.   (2) On the ground that the defendant has not the legal capacity to recover upon the case for the same reason.   (3) That each counterclaim is not of the character specified in section 501 of the Code of Civil Procedure.   As to two of the counterclaims the demurrer also is on the ground that such counterclaims do not state facts sufficient to constitute a cause of action.

There is one theory underlying all the demurrers and the various grounds stated, viz., that, inasmuch as freight charges cannot be paid except in currency and no other or different payment from that established by the freight tariffs or schedules is permissible, it would consequently defeat the purpose of the Interstate Commerce Act to allow a claim for damages by way of counterclaim to reduce the amount demanded for the freight charges.   This contention is supported by three decisions in the District

Court of the United States, viz., *Chicago & N. W. Ry. Co.* v. *Stein Co.,* 233 Fed. Repr. 716; *Illinois Central R. R. Co.* v. *Hoopes & Sons,* Id. 135; *Johnson-Brown Co.* v. *D., L. & W. R. R. Co.,* 239 id. 590. The theory is enunciated in this language in the *Stein* case: " Under the acts of Congress relating to the transportation of interstate commerce, as construed by the Supreme Court of the United States in *Louisville & Nashville Railroad Co.* v. *Mottley,* 219 U. S. 467, and in *Chicago, Indianapolis & Louisville Railway Co.* v. *United States,* 219 U. S. 486, the carriers cannot accept in payment for the transportation of interstate commerce anything but cash, and no contract, however fair, looking to the payment for such services by an exchange of commodities can stand. If a shipper may be permitted to set off, in an action for freight earned by the carrier, claims for damages which the shipper alleges that he has sustained, the court must prevent the usual right to make compromises of such suits, and must undertake the impossible task of holding the carrier to diligence and good faith in preparing and presenting its defenses, in order to prevent the granting and receiving of rebates by insidious agreement between the parties with reference to the disposition of the suit."

In this state such a counterclaim was undoubtedly allowable before the enactment of the Interstate Commerce Act. A claim for damages to goods grows out of the same transaction as the freight claim in respect to the carriage of the same goods. *Schwinger* v. *Raymond,* 83 N. Y. 192. There is no provision in our Code which restricts the right to plead such a cause of action as a counterclaim because of the theoretical objection set forth in the above mentioned federal cases. The practice of this court in relation to the allowance of a counterclaim must be governed by the

Supreme Court, August, 1917.        [Vol. 101.

Code of Civil Procedure and under that Code the counterclaims here in question are allowable. Code Civ. Pro. § 501.

In order to prevent a possible discrimination or rebating, it may be incumbent upon the courts to see to it that the action is properly prosecuted to judgment but it seems unnecessary to require two actions to be maintained and a payment of money to pass to and fro to accomplish what with care can as well be accomplished in the single action. The question here involved has arisen also in the state courts of Georgia and it has there been held that a similar counterclaim was allowable under the Georgia practice. *Battle* v. *Atkinson,* 9 Ga. App. 448; 11 id. 837. The Georgia court, in the former of the two opinions, said: " The very object of allowing pleas of recoupment and set off and of similar pleas is to prevent a multiplicity of suits, and to enable the court, when it has all the necessary parties before it, to adjudge all their respective rights and to render judgment which will finally end the controversies pending between them. Now, if the shipper had sued  *  *  *  in a separate action, and had recovered judgment for, say, $1,200, which he alleged to be the damage done to the shipment, and the carrier had paid over twelve one hundred dollar bills, there certainly would be nothing in the spirit or the letter of the act of Congress to prevent the shipper taking four of those bills and paying the carrier its claim for freight charges. The effect of the plea in the present case is simply a prayer on the defendant's part to be allowed to consummate this same end through the offices of the court which the plaintiff has invoked." The demurrer, therefore, is overruled, with ten dollars costs.

Demurrer overruled, with costs.