BOSTON AND MAINE RAILROAD *vs.* NATIONAL ORANGE COMPANY
& trustees.

Suffolk.   January 9, 1919. — March 1, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Carrier,* Of goods.   *Bill of Lading.   Waiver.*

Where the bills of lading of carloads of oranges shipped by an orange company
in California to a consignee in Boston, who was the agent of the company to
receive the oranges and sell them at auction, provided that "the owner or
consignee shall pay the freight and all other lawful charges accruing on said
property, and, if required, shall pay the same before delivery," the delivery of
successive carloads of oranges, shipped under such bills of lading, by a clerk of
the railroad corporation, which was the last of the connecting carriers, to the
consignee, without collecting the freight charges, was not a waiver by the rail-
road corporation of such charges, which the clerk had no authority to waive,
and was not a breach of any duty that the railroad corporation owed to the
orange company as the consignor, especially where the railroad corporation had
no reasonable cause to believe that the consignee was misleading or defrauding
the consignor in failing to pay the freight charges on receiving the successive
consignments, and the railroad corporation may recover the amount of such
freight charges from the consignor in an action of contract.

CONTRACT to recover the freight charges due on successive car-
loads of oranges shipped by the defendant from California on
various dates from August 2 to September 15, 1915, and con-
signed to one Crimmins, under the name M. V. Crimmins Com-
pany, under bills of lading containing the stipulation quoted in
the opinion.   Writ dated October 29, 1915.

In the Superior Court the case was heard by *Cox,* J., without a
jury, upon an agreed statement of facts and the testimony of one
Baker, an employee of the plaintiff.   The evidence is described in
the opinion.   The judge found that Baker must have known that
Crimmins claimed to be acting as agent but that he did not know
for whom, but ruled as a matter of law that this did not affect his
findings and rulings upon the agreed statement of facts.   Upon
the agreed statement of facts the judge found and ruled that the
plaintiff was entitled to recover the sum of $4,486.50, and, at the
request of the parties, reported the case for determination by this
court upon the question of whether his findings and rulings were

correct. If they were, judgment was to be entered upon his finding; if they were wrong, judgment was to be entered for the plaintiff in the sum of $448.56, the amount of the freight charges on the last carload admitted to be due, together with interest from the date of the writ.

*G. E. Kimball,* for the plaintiff.

*G. V. Phipps,* for the defendant.

BRALEY, J. It appears from the record that under an arrangement with one Crimmins, the consignee in the bills of lading, the carloads of fruit in question were to be sold by him at auction and, after deducting the freight charges and his commissions, the proceeds were to be remitted to the defendant, the owner and consignor. While the consignee from time to time submitted statements in which he apparently accounted for what had been received on all shipments except the last, and a portion of the shipment immediately preceding the last shipment, he uniformly had failed to pay any of the freight charges, and since the present action was brought he has been adjudicated a bankrupt. The agreed facts state that no demand on the defendant for payment was made before bringing suit, and the judge on extraneous evidence has found that a clerk of the plaintiff, whose duty required him to protect it "as regards freight, demurrage, car service and storage," must have been aware that the consignee claimed to be acting as an agent, although the clerk did not know who his principal was.

The defendant, while conceding that the plaintiff has transported and delivered the goods shipped under ordinary bills of lading in which it was named as owner and that the freight remains unpaid, contends, that, even if originally responsible, yet by giving credit to the consignee and by having given no notice to the defendant that the charges were in arrears, the plaintiff has released it from all liability except for the freight due on the last carload, concerning which there is no dispute.

The shipment was an interstate shipment, and we assume, as counsel apparently have assumed, that the plaintiff, an interstate carrier, had complied with the law by filing with the proper authorities and duly publishing a tariff or schedule of its freight rates, the terms of which those who deal with an interstate shipment are bound to know, and to pay the lawful and correct rates

thereby established. *New York Central & Hudson River Railroad
v. York & Whitney Co.* 230 Mass. 206. *Metz Co. v. Boston &
Maine Railroad,* 227 Mass. 307.

The doctrine of equitable estoppel invoked by the defendant
does not constitute a defence. The clerk had no authority to waive
the terms of the bills of lading, that "the owner or consignee shall
pay the freight and all other lawful charges accruing on said
property, and, if required, shall pay the same before delivery,"
and the omission to collect the charges from the consignee before
delivery was not a breach of any duty the plaintiff owed to the
defendant. *Metz Co. v. Boston & Maine Railroad, supra. Wooster v. Tarr,* 8 Allen, 270. The general finding moreover for the
plaintiff on the agreed facts, having included all legitimate infer-
ences of fact to be drawn therefrom, does away with any argument
that the plaintiff had any reasonable cause to believe that the
consignee was misleading and defrauding his principal, and the
delivery of the several consignments, although a waiver of its lien,
did not abrogate the defendant's contract. *Wooster v. Tarr,*
8 Allen, 270. Nor does the right to recover depend on what may
have been the legal effect or result of the relations between the
principal and its agent. *Finn v. Western Railroad,* 112 Mass. 524.
The defendant as owner still remained the party primarily respon-
sible. *Wooster v. Tarr,* 8 Allen, 270. *Holt v. Westcott,* 43 Maine,
445. *Grant v. Wood,* 1 Zabr. 292. *Great Western Railway v.
Bagge,* 15 Q. B. D. 625.

The plaintiff accordingly is entitled to judgment for the amount
stipulated.

*So ordered.*