The New York Central Railroad Company, Appellant, *v.* The Federal Sugar Refining Company, Respondent.

Carriers — railroads — freight charges — rule as to collection the same under order as under straight bill of lading — railroad may collect from consignee or from consignor — cannot make election or be held to estoppel — delivery without collection no release or waiver as to any or either party.

1. The rule as to freight charges under a standard form order bill of lading, as approved by the interstate commerce commission, is the same as that under a straight bill. The railroad company may

demand the amount from the consignee or it may collect from the consignor. It cannot make an election nor be held to an estoppel without violating the purpose and spirit of the Interstate Commerce Commission Act. In order to prevent preferences it is obliged to collect its freight charges and if it cannot get them from one party it must look to the other. Delivery of the goods without collection is no release or waiver of any or either party. (*N. Y. C. R. R. Co. v. Ross Lumber Co.*, 234 N. Y. 261, followed.)

2. Where, therefore, a railroad company accepted merchandise for transportation and issued therefor an order bill of lading and upon arrival at its destination delivered the merchandise to the notify party upon its surrender of the bill of lading, but, owing to an error of one of its clerks, failed to collect the freight charges and thereafter when it attempted to collect them was unable to do so owing to the insolvency of the consignee, it may recover the amount thereof in an action against the consignor.

*N. Y. C. R. R. Co.* v. *Federal Sugar Refining Co.*, 201 App. Div. 467, reversed.

(Argued January 24, 1923; decided March 6, 1923.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court entered June 19, 1922, in favor of defendant upon submission of a controversy on an agreed statement of facts under sections 546–548 of the Civil Practice Act.

*William Mann* and *Alexander S. Lyman* for appellant. Defendant was both the consignor and consignee of the property and is, therefore, liable for the freight charges. (*N. Y. C. R. R. Co.* v. *Ross Lumber Co.*, 234 N. Y. 261; *N. Y. C. R. R. Co.* v. *P. & R. C. I. Co.*, 256 Ill. 267; *B. & M. R. R. Co.* v. *Nat. Orange Co.*, 232 Mass. 351; *M. & W. R. R. R. Co.* v. *Bianchi & Sons*, 113 Atl. Rep. 534; *N. Y., N. H. & H. R. R. Co.* v. *Tonella*, 79 N. H. 464; *Great Northern Ry. Co.* v. *Hocking Valley Fire Clay Co.*, 166 Wis. 465; *C. & N. W. Ry. Co.* v. *Queenan*, 102 Neb. 391.) The learned court below erred in holding that under the form of order bill of lading, defendant agreed that it would not deliver the goods to the holder of the bill of lading, except upon payment of freight charges.

(*P. F. Mills* v. *B. F. M. Ins. Co.*, 130 Fed. Rep. 860; *Wells, Fargo & Co.* v. *Cuneo*, 241 Fed. Rep. 727; *N. Y., N. H. & H. R. R. Co.* v. *Tonella*, 79 N. H. 464.)

*Ernest A. Bigelow* for respondent. Under the order notify bill of lading issued to respondent it was the duty of the carrier to collect the freight from the notify party before relinquishing possession of respondent's property. Having negligently failed in its duty the carrier cannot now, after the insolvency of the notify party, collect the freight from this respondent. (*Louisville & Nashville R. R. Co.* v. *Central Iron & Coal Co.*, 284 Fed. Rep. 250; *Yazoo & M. V. Ry. Co.* v. *Zemurray*, 238 Fed. Rep. 789.)

Crane, J. The facts in this case have been agreed upon by stipulation. On or about March 7, 1918, the defendant delivered to the plaintiff at Yonkers, N. Y., a shipment of 170 barrels of sugar for transportation and delivery to the order of the Federal Sugar Refining Company, notify Lewiston Confectionery Company, Lewiston, Maine. The plaintiff received and accepted said shipment and issued to the defendant a bill of lading therefor, and caused the sugar to be transported to its destination. On arrival it notified the Lewiston Confectionery Company, which accepted delivery of said shipment and surrendered said bill of lading. An agent of the plaintiff erroneously waybilled said shipment as a prepaid one, and as a result thereof transportation charges were not collected from the said Lewiston Confectionery Company at the time of the delivery of said property. The billing was thereafter corrected and payment of the charges demanded from said company but the plaintiff was unable to collect the same for the reason that the Lewiston Confectionery Company became wholly insolvent and its business was discontinued. However, at the time of the delivery of the sugar to the said Lewiston Confectionery Company, it was solvent and in a position to meet its obligations.

Not having collected the transportation charges from the Lewiston Confectionery Company, the plaintiff on or about April 2, 1920, demanded payment from the shipper, the defendant, who refused to pay. The plaintiff had filed with the interstate commerce commission tariffs and classifications showing the charges for the transportation of this sugar, and the amount demanded was in accordance with these schedules.

A second cause of action is also set forth in the agreed statement of facts, in all details similar to that which has just been stated, except that shipment was of 30 barrels, 203 bags and 40 bales of sugar for transportation to Wilkes Barre, Pa., consigned to the order of the defendant, notify Maplewood Company. On the first cause of action the amount due is stated to be $134.68, with interest, and on the second cause of action $53.02, with interest. The forms of bills of lading issued for these shipments were the standard forms approved by the interstate commerce commission by its order No. 787, dated June 27, 1908. Section 8 of the bill of lading conditions reads: " The owner or consignee shall pay the freight and all other lawful charges accruing on said property, and, if required, shall pay the same before delivery." Under this provision the railroad company could have demanded the freight charges from the notify party before delivery. The use of the order bill of lading is to secure payment of the purchase price before the delivery of the goods.

On the face of the bill of lading appears the following: " The surrender of this Original Order Bill of Lading properly indorsed shall be required before the delivery of the property. Inspection of property covered by this bill of lading will not be permitted unless provided by law or unless permission is indorsed on this original bill of lading or given in writing by the shipper." The railroad company undertook under this form of bill of lading to transport goods to the destination, notify the

purchaser and deliver them only on presentation of the original bill of lading properly indorsed. The purchaser procured the bill of lading for this purpose by paying the purchase price to the shipper or some bank as the shipper's agent. In all other respects the bill of lading was the same as the straight bill of lading and the duties of the railroad company exactly similar.

The courts below thought that the railroad company was under contract by this order bill of lading to also collect the freight charges as well as the original bill of lading. There is no such provision in the bill itself and to read into it such an obligation would be to add something which the interstate commerce commission had left out. The respondent states that he has been able to find only two cases sustaining defendant's contention that the railroad company under the circumstances here stated cannot recover the freight charges of the consignor. (*Louisville & Nashville R. R. Co.* v. *Central Iron & Coal Co.*, 284 Fed. Rep. 250; *Yazoo & M. V. Ry. Co.* v. *Zemurray*, 238 Fed. Rep. 789.) These authorities proceeded upon the theory that the railroad company had made an election to collect from the consignee or notify party and that it could not thereafter claim transportation charges from the consignor. Counsel for the respondent very frankly concedes that this reasoning is untenable but insists that the basis for the decision should have been the contract obligation which the railroad company assumed by the order bill of lading to collect the charges from the notify party. As stated, this is the ground upon which the lower courts in this case have denied the plaintiff relief. We can see no reason for a different conclusion in this case from that arrived at by this court in *N. Y. C. R. R. Co.* v. *Ross Lumber Co.* (234 N. Y. 261). The bill of lading in that case was a straight bill of lading. The bills of lading in this case are order or notify bills of lading. The difference between the two bills of lading lies in the duty

which rests upon the railroad. With a straight bill of lading when stamped ' non-negotiable ' the carrier may deliver to the consignee with or without its production. (*Colgate* v. *Pennsylvania Co.*, 102 N. Y. 120.) Under the order bill of lading, the railroad will only deliver upon the production of the original bill of lading which indicates that the purchase price has been paid. The rule as to freight charges, however, remains the same in both cases. The railroad company may demand the amount from the consignee or it may collect from the consignor. It cannot make an election nor be held to an estoppel without violating the purpose and spirit of the Interstate Commerce Commission Act. In order to prevent preferences, it is obliged to collect its freight charges and if it cannot get them from one party it must look to the other. Delivery of the goods without collection is no release or waiver of any or either party. This we held in the *Ross Lumber Co. Case* (*supra*), and such is the decision in *New York Central R. R. Co.* v. *Philadelphia & Reading C. & I. Co.* (286 Ill. 267); *B. & M. R. R.* v. *National Orange Co.* (232 Mass. 351); *Montpelier & Wells River R. R. Co.* v. *Bianchi & Sons* (113 Atl. Rep. 534); *N. Y., N. H. & H. R. R. Co.* v. *Tonella* (79 N. H. 464); *Gt. Northern Ry. Co.* v. *Hocking Valley Fire Clay Co.* (166 Wis. 465); *C. & N. W. Ry. Co.* v. *Queenan* (102 Neb. 391); *Wells Fargo & Co.* v. *Cuneo* (241 Fed. Rep. 727).

The judgment of the court below in favor of the defendant upon these causes of action should be reversed, and as there is no dispute about the amount due, judgment should be ordered for the plaintiff for the amount claimed in the complaint, with costs in all courts.

Hiscock, Ch. J., Hogan, Cardozo, Pound and McLaughlin, JJ., concur; Andrews, J., absent.

Judgment accordingly.