TRANSMARINE CORPORATION, Plaintiff, *v.* THE DELAWARE AND HUDSON COMPANY, Defendant.

Supreme Court, New York County, June 28, 1926.

Carriers — carriers of freight — action to recover freight charges from consignee — pleadings — motion by plaintiff for judgment on pleadings — answer admits defendant did not pay charges — defense that consignor agreed to pay charges — no issue raised by answer.

In an action by a carrier to recover freight charges, an answer by the consignee against whom the action is brought, which denies any knowledge or information sufficient to form a belief as to whether the charges were paid and in the same paragraph admits that it did not pay the charges, raises no issue.

It is no defense to the action that the consignor agreed with the consignee to pay the freight charges and in violation of that agreement shipped the goods, charges collect, for the receipt and acceptance of the goods by the consignee under a bill of lading requiring the payment of freight charges on delivery, amounts to an implied agreement to pay the charges, and furthermore any agreement between the consignor and consignee would not bind the carrier.

MOTION by plaintiff for judgment on the pleadings.

*Stroock & Stroock,* for the plaintiff.

*Walter C. Noyes,* for the defendant.

GIBBS, J. The complaint alleges that the Stephens Lumber Company at Pensacola, Fla., shipped by the plaintiff certain lumber consigned to the defendant under a bill of lading issued by the plaintiff which provided among other things that the freight charges were to be paid by the consignee on delivery and that the owner or consignee should pay the freight and all other lawful charges accruing under said bill of lading; that the charges amounted to $2,266.54; that the lumber was duly delivered to and received and accepted by the defendant and that no part of the charges have been paid. The answer admits these allegations with the exception that it denies any knowledge or information sufficient

to form a belief that no part of the sum of $2,266.54 (the sum demanded in the complaint) has been paid and in the same paragraph admits that *it* has not paid any part of said sum. As a separate and distinct defense defendant alleges that the plaintiff made no contract with the defendant for the transportation of the lumber nor did the latter ever agree to pay the freight charges; that defendant's agreement with the Stephens Lumber Company required the consignor to pay the freight charges and that the consignor violated its agreement in "forwarding charges collect;" that plaintiff has failed to exhaust its remedy against the consignor and that it omitted to notify the defendant that the charges had not been paid by the consignor.

The allegations contained in the complaint coupled with the admissions in the answer establish a *prima facie* case. The denial of any knowledge or information sufficient to form a belief as to payment does not raise an issue, particularly in view of the fact that defendant admits that it did not pay the sum due under the contract. The separate defense pleaded in the answer does not raise an issue to be determined by a trial. It is settled that the receipt and acceptance of the goods by the consignee under a bill of lading providing for payment of freight charges on delivery implies a promise on the part of the consignee to pay therefor (*Pennsylvania Railroad Co.* v. *Titus,* 216 N. Y. 17; *New York Central Railroad* v. *Ross Lumber Co.,* 234 id. 261); neither would any agreement between the consignor and the consignee of which plaintiff had no knowledge be binding on the plaintiff, nor would the latter be bound to inform the consignee that the freight was not paid for by the consignor. Under the circumstances there remains nothing to be determined upon a trial of this action. Motion for judgment on the pleadings granted; settle order on notice.