THE NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff, *v.* OLIN E. DEMAY, Defendant.

Supreme Court, Erie County, February 4, 1935.

*Rann, Vaughan, Brown & Sturtevant*, for the plaintiff, for the motion.

*Church & Church*, for the defendant, opposed.

HARRIS, J. This is a motion made under rule 109 of the Rules of Civil Practice, to dismiss the defendant's counterclaim, and the

grounds for such motion particularly refer to subdivision 4 of such rule which reads as follows: " That the counterclaim is not one which may be properly interposed in the action."

The action was one brought to recover freight charges due on an interstate shipment. The counterclaim is one for damage alleged to have been caused by the improper handling of the shipment by the plaintiff. The argument of the plaintiff is that permitting the counterclaim to stand would be against public policy and in support of its argument the defendant cites the so-called Elkins Act (U. S. Code, tit. 49, §§ 41–43); *Chicago, etc., Ry. Co.* v. *United States* (219 U. S. 486, at p. 496); *Louisville & Nashville R. R.* v. *Mottley* (Id. 467); *Illinois Central R. R. Co.* v. *Hoopes & Sons* (233 Fed. 135); *Chicago & Northwest. Ry. Co.* v. *Stein Co.* (Id. 716), and *Pennsylvania R. Co.* v. *South Carolina Produce Assn.* (25 F. [2d] 315).

The substance of the argument gained from the citations above cited is that the provisions of the Elkins Act making it unlawful to grant rebates or concessions on freight charges could be evaded if counterclaims were interposed against claims for freight charges and such counterclaims were not made in good faith and were compromised for the purpose of reducing the freight charges. The *Hoopes, Stein* and *South Carolina* cases above cited all sustain this contention of the plaintiff, but an examination of the books shows that the cases in New York, both in State and Federal courts, are opposed to the contention herein of the plaintiff and that such a counterclaim may be interposed as against a claim for freight charges. For such rule as set forth in New York State cases, see *Pennsylvania R. R. Co.* v. *Bellinger* (101 Misc. 105); *New York Central R. R. Co.* v. *Federal Sugar Refining Co.* (201 App. Div. 467; revd. on other grounds, 235 N. Y. 182); *Wells Fargo & Co.* v. *Cuneo* (241 Fed. 727). This rule with reference to the interposition of counterclaims as set forth in New York State cases is sustained by the United States Supreme Court in *Chicago & N. W. Ry. Co.* v. *Lindell* (281 U. S. 14).

In view of the rules set down in the cases in this State, the motion of the plaintiff is denied.