PENNSYLVANIA RAILROAD COMPANY, Plaintiff, *v.* E. D. MORSE & SON, Defendant.

Supreme Court, Chautauqua County, January 15, 1936.

*Harold J. Adams* [*Howard H. Starrett* of counsel], for the plaintiff.

*Edwin G. O'Connor*, for the defendant.

HARRIS, J. Motions to set aside a verdict of cause of action in favor of the plaintiff directed by the court, and to dismiss the complaint herein.

The facts on which such verdict was directed are as follows: The plaintiff is a railroad corporation engaged in interstate commerce. The defendant is a grower and shipper of grapes. On October 2, 1931, the defendant shipped by way of New York Central Railroad Company from Laona, N. Y., a car of grapes under a uniform straight bill of lading as prescribed by the Interstate Commerce Commission, which car was consigned to defendant " E. D. Morse & Son, advise Cambria Cash & Carry, Inc., Johnstown, Pa." The defendant was named in the bill of lading as consignor and consignee. It is admitted in the answer that the defendant authorized delivery of such car to Cambria Cash & Carry, Inc., at Johnstown, Pa. The defendant claims that such order to deliver was coupled with the direction not to deliver except on payment of freight charges; but the proof before the court was that there was no such direction and that if there were such a direction it was necessary to use a certain form of bill of lading which was not used on this shipment. The value of the services as fixed by the published tariffs of the plaintiff amounted to $132.24. Part of that sum, to wit, $38.37, was paid either by Cambria Cash & Carry, Inc., or its receiver to the plaintiff. This suit is brought to recover the balance of the value of such services.

The question of law to be determined on this motion and to be passed on at the time of the verdict is whether, having received part of the freight charges from Cambria Cash & Carry, Inc., and being unable to collect the remainder from that concern, the plaintiff can have recovery against the consignor for such remaining part. The plaintiff was required by statute to collect in full its freight charges. For these charges the consignor was originally liable, but by the plaintiff's collecting the full charges from another party, or by accepting such other party as the debtor for the full charges and making collection thereof from such other party, the consignor would be absolved from liability.

The Interstate Commerce Commission Act places upon the railroad engaged in interstate commerce the duty of collecting freight charges according to its published and approved tariff sheets. It has been held by the courts of this State that on a straight bill of lading (as used in this shipment) or on " Order " or " Notify " bills of lading, the carrier may and must look to the shipper for the pay-

ment of freight charges unless they have been paid by someone else. (*New York Central R. R. Co.* v. *Federal Sugar Refining Co.*, 235 N. Y. 182; *New York Central R. R. Co.* v. *Ross Lumber Co.*, 234 id. 261.) These were actions in which the entire freight charge remained unpaid. The defendant herein argues that in view of the fact that part of the freight charge in the action at bar was paid by Cambria Cash & Carry, Inc., or its representative, this court should assert as the rule in this case that upon receipt of such part payment from Cambria Cash & Carry, Inc., or its representative, the consignor was absolved from payment of the remainder of the freight charges. To adopt that view of the law would be contrary to the spirit of the Interstate Commerce Commission Act and the rule laid down in the two cases next above cited.

Motions of the defendant herein are denied.