A. F. D., INC., Plaintiff, *v.* BARRY OIL Co., INC., Defendant.

Municipal Court of the City of Syracuse, October 22, 1945.

*Raymond M. Bush* for plaintiff.

*Barney C. Meltzer* for defendant.

SKERRITT, J.    This action was brought by plaintiff, a common carrier engaged in hauling freight, against defendant, consignee of a shipment of lubricating oil under a straight bill of lading, to recover freight charges in the amount of $56.70.

On August 20, 1942, the consignor, Refiners Associated, Inc., shipped the oil by plaintiff carrier from New York City to defendant in Syracuse.    It appears that defendant received and accepted the shipment and promptly paid the shipper, pursuant to a contract of sale which provided for delivery f. o. b. in Syracuse.    It is conceded that plaintiff had no knowledge or notice of this contract, and that plaintiff failed to press its valid claim for freight charges against the consignor.

The two leading cases in this State on the liability of a consignee for freight charges are:    *N. Y. C. R. R. Co.* v. *Ross Lumber Co.* (234 N. Y. 261), and *N. Y. C. R. R. Co.* v. *Federal Sugar Refining Co.* (235 N. Y. 182).

In the *Ross Lumber Company* case (*supra*) the consignee of a shipment, before its arrival, wrote the carrier to deliver the goods to another consignee, " upon payment of freight charges ".    The carrier, however, made delivery without collecting the charges, and later sued defendant, original consignee.

The court held that defendant had in effect assumed such control over the shipment as to amount to acceptance, and that the quoted words did not exonerate defendant from liability. Judge POUND said (pp. 264, 265):    " The consignor is ordinarily liable for freight charges.    *    *    *    But the consignee may also become liable for such charges by its own act.    *    *    * As defendant was the presumptive owner, if it accepted the freight in the capacity of owner, the law implied a promise on its part to pay the charges    *    *    *    although the bill of lading did not come into its possession and it had no knowledge of its terms."

In the *Sugar Refining Company* case (*supra*), which follows the *Ross Lumber* case (*supra*), Judge CRANE said (p. 187):

" The railroad company may demand the amount from the consignee or it may collect from the consignor. It cannot make an election nor be held to an estoppel without violating the purpose and spirit of the Interstate Commerce Commission Act. In order to prevent preferences, it is obliged to collect its freight charges and if it cannot get them from one party it must look to the other. Delivery of the goods without collection is no release or waiver of any or either party ".

The extent to which the courts have gone in holding a consignee, apparently on the broad ground of enforcing the Interstate Commerce Commission Act (U. S. Code, tit. 49, §. 1 *et seq.*) to prevent preferences, is shown in a line of cases where the consignee was merely the agent of the consignor.

In *Pennsylvania R. R. Co.* v. *Titus* (216 N. Y. 17) defendant consignee received a shipment of peaches which he was to sell on commission for consignor. Plaintiff's claim for an unpaid balance of the freight charge was resisted on the ground that defendant was merely an agent of the shipper, and had settled with him long before plaintiff made this belated claim. The court, reversing the Appellate Division (156 App. Div. 830), held that the acceptance of the shipment by the consignee made him liable for the freight charge.

In the case of *Erie R. R. Co.* v. *Rosenstein, Inc.* (249 N. Y. 241), a consignor shipped a carload of poultry to be delivered to itself as consignee. While the poultry was in transit the shipper directed delivery to defendant, not named in the bill of lading, who accepted the shipment and paid the freight. Plaintiff's subsequent claim for an unpaid balance of the freight charge was resisted on the ground that defendant was neither an owner nor a consignee, but merely a commission merchant acting for the shipper.

Holding defendant liable, the court said (pp. 244–245): " Under the Uniform Sales Act * * * the ownership of goods depends upon many uncertain elements. * * * The railroad carrier charged with a duty of collecting freight rates fixed by law, and not permitted * * * to vary those rates, should not be compelled to hunt around to find out who is the real owner of goods. * * * It is justified in acting upon appearances and the action of the parties."

In the interesting case of *New York Central Railroad Co.* v. *Sharp* (124 Misc. 265, affd. 215 App. Div. 794), the bill of lading, to which defendant was not a party, contained a provision to notify defendant, who thereupon directed the carrier to make delivery to a certain produce company. While defendant

escaped liability, since he was neither owner nor consignee and did not receive the shipment, Judge Crosby's opinion shows how far the courts have gone to hold a consignee, " regardless of whether or not he is actual owner, and regardless of whether or not his character as agent is disclosed by the bill of lading or is communicated to the carrier, provided he accepts the shipment " (p. 268).

An alleged contract between shipper and consignee requiring the former to pay freight charges was brushed aside in the case of *Transmarine Corporation* v. *Delaware & Hudson Co.* (127 Misc. 812, 813), where the court said that " any agreement between the consignor and the consignee of which plaintiff [carrier] had no knowledge ", would not bind the plaintiff, " nor would the latter be bound to inform the consignee that the freight was not paid by the consignor."

The Federal courts apply the same principle. In the case of *Western & Atlantic R. Co.* v. *Underwood* (281 F. 891), the consignor prepaid the freight, but through the carrier's mistake did not pay quite enough. Defendant disclaimed liability for the small unpaid balance, but paid it when assured by plaintiff carrier that no further claim would be made. Thereafter plaintiff sued defendant for a further substantial sum and recovered. (See, also, *Great Northern Ry. Co.* v. *Hyder*, 279 F. 783.)

The law is well settled in New York and many other States, and in the Federal courts, that a consignee becomes liable to the carrier for freight charges when he accepts the shipment, regardless of any contract between shipper and consignee of which the carrier has no knowledge or notice. (78 A. L. R. 929; 83 A. L. R. 249; 105 A. L. R. 1218.)

Judgment for plaintiff against defendant in amount of $56.70, with interest from October 1, 1942, and costs.