**BERRY v. BEST MOTOR LINES.**

No. 14920.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 27, 1948.

Biggs & Roberts, of Dallas, for appellant.

Rawlings, Sayers & Scurlock and Reagan Sayers, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

Best Motor Lines, a common carrier, sued Todd & Taylor Company, a partnership, and C. T. Broyles, residents of Tarrant County, and Clyde Berry, a resident of Dallas County, for the freight charges on a shipment of goods handled in interstate commerce. Berry appeals from the order of the trial court overruling his plea of privilege.

Under the first point it is contended that there is no evidence to show that either of Berry's codefendants resided in Tarrant County. The point is overruled. Berry's counsel admitted in open court, in response to a question from the trial judge, that the defendant Broyles lived in Fort Worth. 5 Tex.Jur., p. 453.

Art. 1995, sec. 4, Revised Civil Statutes, provides that if two or more defendants reside in different counties, suit may be brought in any county where one of them resides. Under this subdivision of the statute it is required, in order to uphold venue where the suit is brought, that the plaintiff plead and prove a cause of action against the resident defendant, and that he allege a joint cause of action against the resident defendant and the nonresident defendant, or a cause of action against the nonresident defendant so intimately connected with the cause of action alleged against the resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. The petition is the proof of the nature of the suit alleged against the nonresident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

The case alleged was that the goods in question were shipped from Lexington, Kentucky, by a shipper's order notify bill of lading, that is to say, that they were consigned to the order of the consignor, with instructions to notify the defendant Berry at Dallas, Texas; that the shipment was tendered to Berry in Dallas; that upon tender thereof Berry requested reconsignment of the shipment to the defendant Broyles at Fort Worth; that the shipment was tendered to Broyles and received by him in Fort Worth; and that the freight charges were not paid.

Berry, the notify party, did not become consignee nor did he become liable for payment of the freight charges merely by reason of the fact that he was so named in the bill of lading. The test of his liability is whether he received the shipment or exercised such dominion over it as would imply an obligation on his part to pay the charges. New York Cent. R. Co. v. Federal Sugar Refining Co., 235 N.Y. 182, 139 N.E. 234, 26 A.L.R. 1312. See Annotation in 26 A.L.R. 1315.

It is generally held that an obligation to pay the freight charges on an interstate shipment may be implied by reason of the fact that a person accepts or receives the shipment from the carrier, or otherwise exercises dominion over it while in the carrier's hands, as by directing that it be reshipped or reconsigned. 13 C.J.S., Carriers, § 316; 9 Am.Jur. p. 797. While numerous decisions could be cited, one of the latest of them, which discusses the applicable federal statutes and refers to many of the leading cases, is Pennsylvania R. Co. v. F. E. Mathias Lumber Co., 113 Ind.App. 133, 47 N.E.2d 158. See also Annotations in 24 A.L.R. 1163; 61 A.L.R. 422; 78 A.

432

L.R. 926; 105 A.L.R. 1216; 129 A.L.R. 213. Berry relies on the case of New York Cent. R. Co. v. Transamerican Petroleum Corporation, 7 Cir., 108 F.2d 994, 129 A.L.R. 206. For the reasons fully and ably stated in Pennsylvania R. Co. v. Mathias Lumber Co., supra, we believe that the holding in the Transamerican Petroleum Corporation case is against the weight of authority. As above stated, the goods were consigned to the order of the consignor, and Berry was named only as the notify party in the bill of lading. The mere naming of him as a party to be notified of the shipment did not make him a consignee, but he became in effect a reconsignor of the goods and became liable for the freight charges by ordering that the goods be reconsigned to Broyles, in Fort Worth. It was such an exercise of dominion over the shipment as to bring him within the rules above recognized. Under the facts alleged, both Berry and Broyles became liable for the charges, and the inclusion of Berry in the suit against Broyles was warranted under the rules announced in Stockyards Nat. Bank v. Maples, supra.

The third point charges that the trial court erred in holding Sec. 29a of Art. 1995, Vernon's Ann.Civ.St., applicable to the case. The order entered by the trial court was simply one overruling the plea of privilege. There is nothing in the record to show that venue was held in Tarrant County under Sec. 29a. The point is overruled.

The judgment of the trial court is affirmed.