NEW YORK CENTRAL RAILROAD COMPANY, Respondent, v. NIAGARA FRUIT INDUSTRIES, INC., Appellant.— Order affirmed, with $10 costs and disbursements, with leave to the defendant to amend the counterclaim set forth in paragraph Nineteenth of the answer, if so advised, within ten days after service of a copy of the order herein. Memorandum: The order insofar as it strikes out paragraphs Fourth through Tenth of defendant's answer as insufficient in law should be affirmed. Defendant having admitted receipt of the interstate shipments set forth in the complaint, became liable for any demurrage charges arising on those shipments, and the plaintiff carrier can neither be estopped from collecting the charges, nor may it do anything to waive those charges. (*Burke* v. *Union Pacific R. R. Co.*, 226 N. Y. 534; *New York Central R. R. Co.* v. *Sharp*, 124 Misc. 265, affd. 215 App. Div. 794; *Western & Atlantic R. R. Co.* v. *Underwood*, 281 F. 891; *New York Central R. R. Co.* v. *Federal Sugar Refining Co.*, 235 N. Y. 182.) The order insofar as it strikes out the two counterclaims set forth in paragraphs Sixteenth to Nineteenth of the answer should also be affirmed upon the ground that neither counterclaim arises out of the same transaction upon which the carrier has brought suit for demurrage charges, and therefore may not be interposed in this action. (*New York Central R. R. Co.* v. *DeMay*, 154 Misc. 373; *Pennsylvania R. R. Co.* v. *Bellinger*, 101 Misc. 105; *New York Central R. R. Co.* v. *Federal Sugar Refining Co.*, 201 App. Div. 467, revd. on other grounds, 235 N. Y. 182.) It having been urged by the appellant on this appeal that the counterclaim set forth in paragraph Nineteenth of the answer referred to the same cars for which plaintiff is claiming demurrage but the record before us sets forth that said counterclaim refers to cars " for which plaintiff is not claiming demurrage ", if the word " not " is a clerical error and should have been " now ", appellant should be allowed to file an amended answer alleging that the counterclaim relates to the same cars for which plaintiff is claiming demurrage. All concur. (Appeal from an order granting plaintiff's motion to strike out certain affirmative defenses and counterclaims, in an action to recover demurrage charges on shipments released to defendant.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

HELEN D. WHITE, as Administratrix of the Estate of JOAN M. WHITE, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 29072.) — Judgment reversed on the law and facts, and claim dismissed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: We find no evidence in the record which establishes that the location of the buoy line separating the wading area from the swimming area was a proximate cause of decedent's untimely death, or had any causal connection therewith. All concur. (Appeal from a judgment for claimant on a claim for damages for the death of claimant's intestate alleged to have been caused by negligent maintenance of bathing beach at State Park.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.