*Municipal Court of the City of Boston*

No. 330131

**INTERSTATE MOTOR FREIGHT SYSTEM**

**v.**

**LOUIS I. SILVERMAN, INC.**

(March 13, 1953)

*Adlow, J.* In this action of contract the Interstate Motor Freight System seeks to recover from Louis I. Silverman, Inc., freight charges of $270.11 for the carriage of goods from Detroit to Boston where the consignee accepted the shipment without paying the freight charges due on same. No demand was made for the freight charges at the time of the delivery, nor did the defendant receive a copy of the bill of lading. The court found that the "defendant was not a party to any bill of lading and had no notice or knowledge of the contents of any bill of lading," and denied the plaintiff recovery.

It is conceded by the report that the plaintiff carried this shipment in interstate commerce, that the charges which the plaintiff seeks to recover conform with the prescribed rates promulgated by the Interstate Commerce Commission, and that the charges have not been paid.

As a carrier by motor vehicle engaged in interstate commerce the plaintiff is subject to all the law governing carriers by rail in interstate commerce. *Sun Insurance Office Limited of London* v. *Be-Mac Transport Co., Inc.,* 132 F. 2d 535.

The Interstate Commerce act does not prescribe who shall pay the freight charges. Its essential objective is to prevent discriminatory practices. *American Ry. Express Co.* v. *Mohawk Dairy Co.,* 250 Mass. 1. Whether the obligation to pay the freight rates is on the consignor or consignee may be determined by express agreement, *Union Freight R.R.* v. *Winkley,* 159 Mass. 133 or in the absence of express agreement by implication of law. *Wooster* v. *Tarr,* 8 Allen 270; *Louisville & Nashville R.R.* v. *Central Iron & Coal Co.,* 265 U. S. 59, 70; *Boston & Maine R.R.* v. *Nat. Orange Co.,* 232 Mass. 351. There are circum-

stances under which an implied promise to pay freight charges will attach to the consignee. In *Central Warehouse Co.* v. *Chicago, R. I. & P. Ry. Co.,* 20 F. 2d. 828 the court held:

"Congress, in order to eliminate every form of discrimination, has provided that there shall be permitted neither an intentional nor unintentional deviation from the predetermined schedule of rates. An intentional act in granting a shipper a preferential rate was made a crime. To permit a departure from the regular rate provided only that it is the result of misunderstanding or a mistake defeats the very purpose of the law. The Supreme Court in considering the statute has determined that the carrier has a lien for the usual charge, and that the consignee in accepting the shipment in any case assumes the obligation of discharging that lien. This obligation on the part of the consignee is not to be avoided because it imposes a hardship or because he has relied upon the fact that the charges have been paid and changed his position to his detriment. The prime consideration that led to the enactment was deemed of such consequence to the public interest that individual cases of hardship ought not overcome the law."

In this spirit of strict enforcement of the interstate commerce laws a consignee who has accepted a shipment has been held responsible for the freight charges on an implied promise to pay the charges even though the bill of lading did not come into his possession, *N. Y. Central R.R.* v. *Ross Lumber Co.,* 234 N. Y. 261, 265 and even though the bill of lading that accompanied the shipment was erroneously marked "Prepaid," *Central Warehouse Co.* v. *Chicago, R. I. & P. Ry.,* 20 F. 2d. 828, and where it develops subsequent to delivery that the charges made were not correct. *Pittsburg, Cincinnati, Chicago & St. Louis Ry.* v. *Fink,* 250 U. S. 577; *N. Y. Central & Hudson River Ry.* v. *York & Whitney Co.,* 256 U. S. 406; *N. Y., N. H. & H. R.R.* v. *Lord & Spencer,* 273 Mass. 583.

For our purposes it is sufficient to observe that in all these cases the courts have held that the

fact of acceptance of the shipment by the consignee sufficed to fasten responsibility for the freight charges on him. Elliott on Railroads, 3d. Ed. Sec. 2361 (Vol. 4).

In the cause in issue the defendant as consignee accepted the shipment tendered to him without paying the freight charges. It is immaterial that he did not receive a bill of lading or that no demand for freight charges was made of him. The mere fact of acceptance suffices to establish his liability for the charges that are legally due. *Pittsburg, Cincinnati, Chicago & St. Louis Ry.* v. *Fink*, 250 U. S. 577.

*Finding for defendant vacated.*

*Finding to be entered for the plaintiff in the sum of $270.11 with interest.*

Plaintiff's attorney, John D. Regan.

Defendant's attorney, Israel N. Samuels.