Matthew J. Jasen, J.
This is a motion for summary judgment brought by plaintiff against the defendant.
This action was instituted to recover $4,074.34, together with interest thereon for the transportation of goods by truck for the defendant. Subsequent to the institution of this action plain *570 tiff received payment for one of the shipments set forth in the complaint in the sum of $209.30.
It appears that the plaintiff’s cause of action arose as a result of 19 shipments of sheet steel. The plaintiff is the initial common carrier which delivered these shipments to their destinations. Some of these shipments were delivered from Canada to a corporation located in Hamburg, New York, and then forwarded by common carrier to ultimate destinations. The other shipments were delivered directly to the connecting carrier.
The defendant has interposed a general denial as to the allegations set forth in the complaint except that the defendant did request the plaintiff to transport certain goods. The defendant further sets up a separate and distinct defense that the sum of $719.36 was paid by the Gateways Transportation Company for and on behalf of defendant. He further sets forth as a separate and distinct defense and by way of offset that the rate agreed upon between the parties to transport the goods in question to the ultimate destinations described in the respective bills of lading was to have been on a rate direct to the ultimate destination and not on a stoppage rate as charged by the plaintiff even though the shipments did in fact require stoppage which fact was known to both parties.
The defendant further contends that the shipments made by the plaintiff were accepted as collect and so marked on the bills of lading and therefore the carrier plaintiff cannot collect from the shipper defendant where he has neglected or failed to collect from the consignee.
The plaintiff maintains that although shipments are marked collect, a failure to collect from the consignee does not bar an action to collect from the shipper.
From the papers submitted herein, it appears two main questions are involved.
1. Is an agreement between the parties varying the rates as specified in the applicable tariffs, enforcible and of legal effect?
2. Where a shipment is marked collect, can a carrier who fails or neglects to collect from a consignee, collect from the consignor-shipper?
In relation to the first question where the defendant contends that the plaintiff agreed to charge the direct rate although stoppage of shipment was required and known by the parties, the tariff rather than an agreement between the parties is controlling. Even if the negotiations did take place, they are irrelevant inasmuch as the tariffs control.
In George’s Transp. Co. v. Katz, (8 N. Y. S. 2d 933) the court said: “ Plaintiff is, therefore, entitled to recpver such tariff *571 even though it quoted a lower tariff to the defendant and this irrespective of whether the quotation was made through mistake or artifice.” (So, too, Erie R. R. Co. v. Brainard, 76 N. Y. S. 2d 74.)
As to the second question, where a shipment is marked collect and the carrier fails to collect from the consignee, the law is clear that the carrier may collect from either the consignor or consignee.
In New York Cent. R. R. Co. v. Ross Lbr. Co. (234 N. Y. 261) the court said: ‘ ‘ The usual stipulation in the bill of lading that the consignee shall pay the freight imposed no obligation on the carrier to insist upon payment of freight before delivery to the consignee. * * * The carrier may neglect to collect of the consignee and collect of the consignor.” (So, too, New York Cent. R. R. Co. v. Federal Sugar Refining Co., 235 N. Y. 182; Grand Trunk Western R. R. Co. v. Makris, 142 Misc. 807.)
The plaintiff has adequately answered defendant’s first separate defense that the sum of $719.36 was paid by the Gateways Transportation Co., for and on behalf of the defendant by affidavit that said payment was for an account not sued herein.
The plaintiff has established its cause of action by good and sufficient evidence and is entitled to summary judgment. The court finds that there are no issues of fact having any bearing on the proof of the plaintiff’s cause of action (1) that it made the shipments claimed; (2) that it charged the proper rate under the applicable tariff, and (3) that no part of the amount claimed has been paid.
Enter judgment in favor of the plaintiff and against the defendant in the sum of $3,865.04 with interest from the first day of January, 1960, together with the costs and disbursements of this action.