■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE T. JENKINS, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator was convicted after trial of criminal possession of a controlled substance, third degree, and is imprisoned for a term of four years to life. In this habeas corpus proceeding he contends that his assigned attorney did not make a motion that he be allowed to testify before the Grand Jury which indicted him, despite relator's expressed desire to so testify; that his attorney did not advise him of his "right" to a pre-indictment hearing; and that the court improperly declined his request for assignment of new counsel. At the time of the presentation of the petition for the writ, relator's judgment of conviction had been affirmed in this court (*People v Jenkins,* 49 AD2d 683), and a further appeal was pending in the Court of Appeals. It also appears that there was pending before the trial court a motion brought pursuant to CPL article 440 to vacate the judgment of conviction upon the same grounds asserted in this proceeding. The court properly dismissed the writ, without a hearing, because of the pendency of the appeal and the motion. The issues presented in relator's petition are such that if they were

not resolvable on appeal, as now contended by the relator, they were the proper subject of the motion pursuant to CPL article 440. In such circumstances, there was no showing of "practicality and necessity" to justify the grant of habeas corpus relief *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262; *People ex rel. Lee v Smith,* 58 AD2d 987; *People ex rel. Finney v Follette,* 37 AD2d 575). Although it appears that the contentions asserted in the petition were not raised on appeal in this court or in the Court of Appeals, which now also has affirmed the judgment of conviction *(People v Jenkins,* 41 NY2d 307), the record fails to disclose the outcome of the motion made pursuant to CPL article 440. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.