■ DONALD SUNSHINE, as Trustee in Bankruptcy of LEWIS G. JOHNSON, INC., Respondent, v ROCHESTER INDEPENDENT PACKERS CO., INC., Appellant. (Appeal No. 1.)—Order and judgment unanimously affirmed, with costs. Memorandum: In an action by a common carrier to recover freight charges, a shipper may not assert counterclaims arising out of transactions other than those upon which the claim for freight charges is based *(New York Cent. R. R. Co. v Niagara Fruit Inds.,* 278 App Div 892). Special Term properly granted summary judgment to each plaintiff and severed defendants' counterclaims for later trial or other disposition. (Appeal from order and judgment of Monroe Supreme Court—partial summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.

■ DONALD SUNSHINE, as Trustee in Bankruptcy of GENE ADAMS REFRIGERATED TRUCKING SERVICE, INC., Respondent, v ROCHESTER INDEPENDENT PACKERS CO., INC., Appellant. (Appeal No. 2.)—Order and judgment unanimously affirmed, with costs. Same memorandum as in *Sunshine v Rochester Independent Packers Co.,* 64 AD2d 1009). (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN HENRY BURTS, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: On this appeal from a dismissal of his writ of habeas corpus without a hearing, relator contends that he was unlawfully tried and convicted, *in absentia,* of second degree assault and that because of the delay of over one year by the Public Defender in preparing his appeal from the judgment of conviction, habeas corpus was the proper remedy in which to assert the alleged violations of his statutory and constitutional rights. "Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated * * * by reason of practicality and necessity" *(People ex rel. Keitt v McMann,* 18 NY2d 257, 262; see, also, *People ex rel. Jenkins v Smith,* 58 AD2d 1033). Inasmuch as relator's appeal from his judgment of conviction is presently before this court, his writ of habeas corpus was properly dismissed *(People ex rel. Schaurer v Fogg,* 59 AD2d 1072; cf. *People ex rel. Lee v Smith,* 58 AD2d 987). (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.