■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES E. FRISBIE, Appellant, v LIEUTENANT WEHNER, as Acting Superintendent of Camp Pharsalia, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 21, 1978 in Chenango County, which dismissed a writ of habeas corpus, without a hearing. On June 20, 1977, appellant was sentenced, as a second felony offender, to an indeterminate term of two to four years by the County Court of Jefferson County upon his conviction after trial of criminal possession of stolen property. On January 24, 1978, appellant made a motion to vacate the judgment of conviction pursuant to CPL 440.10. This motion was denied by the County Court of Jefferson County on April 17, 1978. Appellant then appealed from. the judgment of conviction to the Appellate Division, Fourth Department. He filed a supplemental brief on the appeal concerning facts which did not appear in the record and which are similar to the facts alleged in the petition herein,

including the previous representation by his assigned counsel for a Ms. Jo Anne Aili, who testified as a witness for the prosecution, and whom he asserts was a surprise witness and an accomplice. The Appellate Division, Fourth Department, treated this supplemental brief as a *coram nobis* application and remitted the matter to the County Court to take evidence as to the truth of the allegations. On January 9, 1979, the County Court of Jefferson County determined that the appellant had failed to meet the burden of proof of his allegations and remitted its findings to the Appellate Division, Fourth Department, for consideration on appellant's appeal. In the meantime, on June 7, 1978, appellant applied to Special Term for a writ of habeas corpus, alleging he was being illegally detained and alleging various irregularities and errors in the pretrial, trial and sentencing procedures, all of which are the issues to be adjudicated in his pending appeal. Special Term denied the application on the grounds that in the "absence of any reason of practicality or necessity to justify the grant of a writ, none should issue while an appeal is pending in which the same issues will be adjudicated", and the "fact that petitioner's appeal is still pending after one year alone does not dictate a contrary result * * * especially where there is every indication that assigned counsel for petitioner is proceeding diligently." On June 1, 1979, the Appellate Division, Fourth Department, unanimously affirmed appellant's conviction, thereby effectively determining the issues raised herein with a thorough consideration of the conflict of interest issue with respect to his assigned counsel. *(People v Frisbie,* 70 AD2d 1053). The judgment appealed from should be affirmed *(People ex rel. Knox v Smith,* 60 AD2d 789; *People ex rel. Jenkins v Smith,* 58 AD2d 1033; *People ex rel. Lee v Smith,* 58 AD2d 987; *People ex rel. White v La Vallee,* 47 AD2d 982). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.