SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY, Appellant,

v.

OSCAR PEREZ FORWARDING
COMPANY, Appellee.

No. 13-85-267-CV.

Court of Appeals of Texas,
Corpus Christi.

June 5, 1986.

Charles Willette, Jr., Royston, Rayzor, Vickery & Williams, Brownsville, for appellant.

Jeffrey D. Roerig, Wiech & Black, Brownsville, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a take-nothing judgment in a suit to recover costs on two freight shipments.

By its sole point of error, appellant claims that the trial court erred as a matter of law in entering a take-nothing judgment against appellant.

On March 4, 1985, the trial court heard this case on an agreed statement of facts. In reviewing a case tried on an agreed statement of facts, an appellate court's consideration is limited to the correctness of the trial court's application of the law to the admitted facts. It is without authority to draw any inference or find any facts not encompassed in the agreement unless, as a matter of law, such further inference or fact is necessarily compelled by the agreed facts. *Guzman v. Acuna,* 653 S.W.2d 315 (Tex.App.—San Antonio 1983, writ dism'd).

Appellant, Southern Pacific Transportation Company is a railroad operating as a common carrier in interstate commerce, authorized to do business in Texas. Appellee, Oscar Perez Forwarding Company is a freight forwarding company located in Brownsville.

On April 19, 1979, Southern Pacific transported a combine harvester-thrasher to Brownsville, which appellee received, along with a freight bill covering the shipment. The thrasher was then shipped to Mexico and appellee relied upon a statement in the freight bill that "charges on this shipment have been fully prepaid at origin" in releasing the freight to go to Mexico. On July 3, 1979, appellant provided appellee with a corrected freight bill of $5,740.18, stipu-

lated at trial as a reasonable charge for transporting the thrasher. Appellant has received no payment on the freight bill. Prior to delivery of the thrasher, appellee did not send appellant written notice that appellee was an agent only and had no beneficial title in the freight.

On May 14, 1979, a shipment of magnesite firebrick and bauxite ore was shipped by rail in the same manner. The original freight bill showed the freight of $4,386.17 in the column marked "PREPAID (ORIGIN)" rather than in the column labled "COLLECT." Again, the freight was shipped into Mexico in reliance on the freight bill. On June 28, 1979, appellant issued a corrected bill to appellee which read "BILLED PREPAID IN ERROR SHOULD READ COLLECT." At trial, it was agreed again that the $4,386.17 charge is reasonable, that appellant has received no payment from any source, and that prior to delivery, appellant received no written notice that appellee was an agent only and had no beneficial title to the freight.

The first corrected freight bill listed Tracto Motriz Del Noreste as consignee, in care of appellee. The second bill listed Hylsa Pueblas Plant, S.A. as consignee, with no mention of appellee.

▮ Appellant relies on several sources [1] for a commercial definition of consignee, and claims that appellee's exercise of dominion and control over the goods in each shipment made appellee the consignee and thus liable for payment of the freight charges. We disagree.

First, appellant relies upon 49 U.S.C. §§ 1–11999 (1981), specifically with regard to the Interstate Commerce Act, 49 U.S.C. §§ 10101–11917 (1979), and is therefore bound by the definitions contained therein. The term "consignee" is defined under 49 U.S.C. § 122 (1981), as "the person named in the bill [of lading] as the person to whom delivery of the goods is to be made." Neither the original freight bills nor the corrected freight bills name appellee as con-

signee and no separate evidence exists indicating that any bills of lading designated appellee as consignee. The consignees named in the freight bills are Tracto Motriz Del Noreste and Hylsa Puebla Plant, S.A.

Appellee does not become the consignee by virtue of its status as a freight forwarder; in order to be liable under the Interstate Commerce Act, appellee must fit the description found in 49 U.S.C. § 122 (1981).

The statute controlling liability of consignees, 49 U.S.C. § 10744(a)(1) (1979) (amending 49 U.S.C. §§ 3(2), 323, 918), states that:

(a)(1) Liability for payment of rates for transportation for a shipment of property by a shipper or consignor to a consignee other than the shipper or consignor, is determined under this subsection when the transportation is provided by a rail, motor, or water common carrier under this subtitle. *When the shipper or consignor instructs the carrier transporting the property to deliver it to a consignee that is an agent only,* not having beneficial title to the property, *the consignee is liable for rates billed at the time of delivery for which the consignee is otherwise liable,* but not for *additional rates* that may be found to be *due after delivery* if the consignee gives written notice of the delivery carrier before delivery of the property—

(A) of the agency and absence of beneficial title; and

(B) of the name and address of the beneficial owner of the property if it is reconsigned or diverted to a place other than the place specified in the original bill of lading. [Emphasis added.]

Appellant assumes that appellee is liable as a consignee under the above quoted statute. However, the statute applies in the case of a specifically designated consignee. Nothing in the stipulated facts indicates that appellee was a consignee. Moreover, appellant argues that appellee could escape

1. Appellant cites *Power Transmission Equipment Corp. v. Beloit Corp.,* 55 Wis.2d 540, 201 N.W.2d 13 (1972); *Berry v. Best Motor Lines,* 209 S.W.2d 430 (Tex.Civ.App.—Fort Worth 1948, no writ); the Uniform Commercial Code; and Webster's New Collegiate Dictionary.

liability only by sending written notice prior to delivery of the goods; however, such written notice relieves a consignee of *additional* charges sought from the consignee after delivery, not to the same freight charges designated as paid and then sought to be collected after shipment of the goods from one not designated as a consignee.

Finally, the cases which appellant cites[2] clearly indicate that the person held liable in those cases was the consignee, named in the bill of lading, who accepted freight *as* the consignee and was relied upon by the other party as the consignee. Such has not been shown to have occurred in this case. We AFFIRM the trial court's judgment.

**2.** *Pittsburgh C. C. & St. Louis R.R. v. Fink,* 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151 (1919); *States Marine International Inc. v. Seattle First National Bank,* 524 F.2d 245 (9th Cir.1975); *Northwestern Pacific R.R. v. Burchwell Co.,* 349 F.2d 497 (5th Cir.1965); *Lyon Van Lines, Inc. v. Ogden,* 503 S.W.2d 632 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ).